**Kimberly L. REZENDES, Plaintiff,**

v.

**DOW CORNING CORPORATION, et al., Defendants.**

**No. CIV. S–89–0716 RAR.**

United States District Court, E.D. California.

Aug. 18, 1989.

Jack E. Nuss, Sacramento, Cal., for plaintiff.

Jack B. McCowan, Jr., Linda A. Lourimore, Gordon & Rees, San Francisco, Cal., for defendants.

## ORDER

RAMIREZ, District Judge.

Presently pending on this court's law and motion calendar for August 21, 1989 is plaintiff's motion to remand this action to the state court of origination. Opposition briefing has been timely filed. E.D.Cal.R. 230(c). A review of the record convinces the court that oral argument will not be of material assistance. Accordingly, the court orders the matter submitted on the record and briefs on file. E.D.Cal.R. 230(h).

## BACKGROUND

On November 9, 1987, plaintiff filed the underlying civil action in the Superior Court of the State of California in and for the County of Sacramento, said action bearing the caption *Kimberly L. Rezendes v. Dow Corning Corporation and Does 1–20 inclusive*, No. 356217. More than a year later, on April 18, 1989, CT Corporation System [1] received the summons and complaint and notice and acknowledgment of receipt form in the mail. On that same day CT Corporation System forwarded the documents to defendant DOW CORNING CORPORATION (DOW CORNING). On April 19, 1989 DOW CORNING first received a copy of said documents.

On May 19, 1989, defendant DOW CORNING filed a document captioned "Petition for Removal of Civil Action" which failed to include a copy of "all process, pleadings, and orders" served upon defendant in the state court action as required under 28 U.S.C. § 1446(a). On May 22, 1989 defendant, apparently realizing deficiencies in their removal petition, filed an "Amended Petition for Removal of Civil Action" which included a copy of all process, pleadings, and orders served upon DOW CORNING in the state court action.

On May 24, 1989, defendant DOW CORNING filed its answer and two other documents captioned "Notice of Filing Petition for Removal" and "Notice of Filing Amended Petition for Removal" respectively. Both documents simply state that a petition for removal and an amended petition for removal had been filed and were attached respectively to those documents.

In light of the obvious procedural irregularities, this court instructed plaintiff to file a motion to remand the action specifically addressing several procedural issues. *See* minute order dated May 23, 1989.

On June 15, 1989, plaintiff filed the instant motion to remand.

## DISCUSSION

Pursuant to the newly enacted Judicial Improvements and Access to Justice Act ("the Act"), Pub.L. No. 100–702, § 1016, 102 Stat. 4642, 4669–70 (1988) (enacted Nov. 19, 1988), the law of removal has been substantially changed. Section 1016 of the Act amended, *inter alia*, 28 U.S.C. § 1446 which governs the procedure for removal of an action to federal court. Section 1446 presently provides:

(a) A defendant or defendants desiring to remove any civil action or criminal prosecution from a State court shall file in the district court of the United States for the district and division within which

---

1. Plaintiff asserts in her motion to remand that CT Corporation is defendant DOW CORNING CORPORATION's agent for service of process.

*See* plaintiff's memorandum in support of remand at p. 3.

such action is pending a notice of removal signed pursuant to Rule 11 of the Federal Rules of Civil Procedure and containing a short and plain statement of the grounds for removal, *together with a copy of all process, pleadings, and orders served upon such defendant or defendants in such action.*

(b) The notice of removal of a civil action or proceeding shall be filed *within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading* setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(a) and (b) (emphasis added).

■ Removal statutes have historically been strictly construed. As the United States Supreme Court noted in 1941, "[n]ot only does the language of the Act of 1887 evidence the Congressional purpose to restrict the jurisdiction of federal courts on removal, but the policy of the successive acts of Congress regulating the jurisdiction of federal courts is one calling for the strict construction of such legislation." *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941). The Ninth Circuit has consistently reaffirmed strict construction against removal. *Gould v. Mutual Life Ins. Co. of New York,* 790 F.2d 769, 773 (9th Cir.1986), *cert. denied,* 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582; *Takeda v. Northwestern Na-*

*tional Life Ins. Co.,* 765 F.2d 815, 818 (9th Cir.1985); *Salveson v. Western States Bankcard Ass'n.,* 731 F.2d 1423, 1426 (9th Cir.1984); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1064 (9th Cir.1979). Strict construction is especially warranted in diversity cases, since concerns of comity mandate that state courts be allowed to decide state cases unless the removal action falls squarely within the bounds Congress has created. *Phillips v. Allstate Ins. Co.,* 702 F.Supp. 1466, 1468 (C.D.Cal. 1989).

■ Upon review of the record the court concludes that the present case was not properly removed to federal court and therefore must be remanded to the state court from which it was improvidently removed. First, it is undisputed that defendant seeks to remove this action on the jurisdictional basis of diversity of citizenship pursuant to 28 U.S.C. § 1332. Also undisputed is the fact that this action "commenced" when it was filed in state court on November 9, 1987 since under California law, an action commences as of the date it was filed. *See* Cal.Code Civ. Proc. § 350. As indicated *supra,* the federal removal statute specifically provides that "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). Thus, the plain language of the removal statute precludes removal of the instant action since defendant's petition for removal was filed more than one year after commencement of the action in state court.

Defendant admits that section 1446(b) "seems to imply that no [diversity] case can be removed to federal court more than one year after the action has been commenced". *See* defendant's memorandum in opposition to removal at pp. 3–4. Notwithstanding that admission, defendant argues that the last clause of § 1446(b) is inapplicable to the instant action because here, the case stated by plaintiff's initial pleading *was* removable. Defendant reads the last clause in § 1446(b) as applying *only* to actions in which the case stated by the

initial pleading was not removable. *See Greer v. Skilcraft*, 704 F.Supp. 1570, 1581–82 (N.D.Ala.1989) (stating in dictum that the one year time limit "applies whenever the second paragraph of § 1446(b) is triggered; i.e. 'if the case stated by the initial pleading is not removable.' ").

In support of this narrow reading of the statute, defendant argues that Congress could not have intended to allow a plaintiff to file a claim that meets the prerequisites for diversity jurisdiction and not serve it until after one year had passed, thereby depriving a defendant of the opportunity to timely remove the action to federal court. Defendant argues that such a reading is particularly unfair in this case because Congress' rationale in passing the statute was to avoid removal of actions from state court after substantial progress is *likely to have been made* in that forum.[2] *See Phillips v. Allstate Insurance Co.*, 702 F.Supp. at 1470 (emphasis added); S.Res. No. 1482, 100th Cong., 2d Sess., Cong.Rec. at 16308 (October 4, 1988); H.R.Rep. No. 889, 100th Cong., 2d Sess. 71–73 reprinted in 1988 U.S.Cong. & Admin.News 5982, 6031–6033. In the present case no progress has been made in the state court prior to removal.

██ The court respectfully disagrees with defendant's proffered argument. The question of how much progress has been made in the state court prior to removal is irrelevant to a determination of whether removal was proper. Unfortunately for de-fendant, Congress did not amend the removal statute so as to give federal court's discretion to allow removal of diversity actions more than one year old upon a determination that "substantial progress" has or has not been made in the state forum. Rather Congress has clearly expressed its intent in the plain language of 28 U.S.C. § 1446(b) that a diversity case which has been before a state court for more than one year should stay there. *See Phillips v. Allstate Ins. Co.*, 702 F.Supp. at 1470.

The meager legislative history that is available regarding the scope of the removal statute further supports a broader reading of the statute. One of Congress' major concerns addressed by the Judicial Improvements Act was the rising caseload in the federal courts. Congress initially considered total elimination of diversity jurisdiction but this approach apparently proved too controversial and was never enacted. Rather, at least as a partial solution, Congress made various changes to reduce the number of diversity of citizenship cases that would be handled in federal court. *See* 28 U.S.C. § 1332(a)–(c) as amended; *Greer v. Skilcraft*, 704 F.Supp. at 1575. Section 1446(b) will, to a degree, have that same effect. *Id.* at 1576. Although the above quoted congressional analysis did state that the amendment to 28 U.S.C. § 1446(b) "addresses problems that arise from a change of parties as an action progresses towards trial in state court,"

---

**2.** The scant legislative history regarding the scope of the removal statute as finally adopted is found in the section-by-section analysis contained in H.R.Rep. No. 889, 100th Cong., 2d Sess. 71–73 reprinted in 1988 U.S.Cong. & Admin.News 5982, 6031–6034 which provides in relevant part:

All of the proposed amendments in this section relate to removal jurisdiction. The amendments would, among other things, allow the citizenship of fictitious or "Doe" defendants to be disregarded for removal purposes; simplify the "pleading" requirements for removal; *establish a one-year limit on removal based on diversity jurisdiction;* eliminate the bond requirement on removal procedure; and regulate the joinder of additional parties after removal.

Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction *as a means of reducing the opportunity for removal after substantial progress has been made in state court.* The result is a modest curtailment in access to diversity jurisdiction. *The amendment addresses problems that arise from a change of parties as an action progresses toward trial in state court.* The elimination of parties may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. Settlement with a diversity-destroying defendant on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption.

*Id.* at 6031–33 (emphasis added).

*see* n. 2, *supra*, it does *not* indicate that application of the one year rule was intended to apply *solely* in such situations. *Greer v. Skilcraft*, 704 F.Supp. at 1582.

Although it may seem unjust to the defendant that the one year limit blocks removal of diversity actions when it was impossible to remove prior to the expiration of the one year time limit, it is no more unfair than other applications of the removal statute. *See Phillips v. Allstate Ins. Co.*, 702 F.Supp. at 1470–71. "[U]nder the new rules a complaint may be filed against multiple defendants, only one of which is nondiverse, thus preventing removal. If that party is dismissed more than a year after the action was filed, the other defendants may not remove by reason of the amended § 1441(b). Just as is the case here, the defendant is blocked from removing the case even though he was not able to do so during the one year period." *Phillips*, 702 F.Supp. at 1471.[3]

In light of the plain language of the removal statute which must be strictly construed, especially in cases jurisdictionally premised on diversity of citizenship, this court concludes that this action must be remanded to the state court pursuant to the mandate of 28 U.S.C. § 1446(b) because it was removed more than a year after its commencement.

In light of the court's holding with regard to the one year limitation for removal, the court need not address the remaining issues presented by this notice of removal. The court notes, however that a cursory

review of those issues reveal the existence of further procedural deficiencies in defendant's attempt to remove this action and provide an equally compelling rationale in support of remand.[4]

For the foregoing reasons, and good cause appearing therefor,

IT IS HEREBY ORDERED that the hearing presently scheduled in this matter for August 21, 1989, at 9:00 a.m. is VACATED.

IT IS FURTHER ORDERED that this action shall be remanded from the state court from which it was removed.

IT IS SO ORDERED.

---

3. Defendant seems to premise his argument on an assumption that Congress could not have meant to give plaintiffs the unilateral ability to avoid removal of diversity actions by filing them in state court and simply refusing to serve or otherwise cause defendants to receive a copy of the initial pleading until after the one year time limit had passed. However, defendant fails to note that even assuming that the final clause in § 1446(b) only applies to cases not initially removable, plaintiffs are still able to prevent removal of diversity actions simply by joining a non-diverse defendant at the outset, (thereby making "the case stated by the initial pleading" one which is not removable) and refusing to serve and/or refusing to dismiss the non-diverse defendant until after the one year time limit had passed. Thus, contrary to defendant's argument, Congress apparently *did* envi-

sion that plaintiffs seeking to avoid removal from state court would have the ability to prevent removal of actions based upon diversity.

4. Those issues include (1) whether this action was properly removed within the thirty day time limit of 28 U.S.C. § 1446(b) even though defendant failed to attach a copy of all pleadings served upon him in the state court action to his initial petition for removal; (2) whether an amended notice of removal relates back to cure the original deficiency; (3) whether CT Corporation System is properly considered defendant's agent for service of process making the thirty day time period begin to run on April 18, 1989 and thereby making the original petition for removal untimely.