**Richard L. HOM, Plaintiff,**

v.

**SERVICE MERCHANDISE COMPANY, INC., Jonathan Salomone, and Does 1–50, Inclusive, Defendants.**

**No. C–89–4014 DLJ.**

United States District Court,
N.D. California.

Jan. 3, 1990.

William Quackenbush, Quackenbush & Quackenbush, San Mateo, Cal., for plaintiff.

Michael W. Foster, Proskauer Rose Goetz & Mendelsohn, San Francisco, Cal., for defendants.

## ORDER

JENSEN, District Judge.

On January 3, 1990, this Court heard plaintiff's motion to remand this action to state court. William Quackenbush appeared for plaintiff. Michael W. Foster appeared for defendants. For all the following reasons, plaintiff's motion is GRANTED.

## I.

This is an action for wrongful termination and employment discrimination. Plaintiff Richard Hom filed suit in San Mateo County Superior Court against his former employer, Service Merchandise Company, Inc., and his former district manager, Jonathan Salomone, on July 21, 1988. Plaintiff did not serve defendants with this complaint, but rather filed a first amended complaint on August 10, 1988. Plaintiff then delayed serving the defendants with the amended complaint until October 13, 1989.

On November 13, 1989, defendants removed this action to federal court on the basis of diversity jurisdiction by filing a Verified Petition for Removal. *See* 28 U.S.C. § 1332.

Plaintiff now moves this Court to remand this action to state court pursuant to 28 U.S.C. § 1447(c) on grounds that defendants' removal was procedurally defective. Plaintiff also requests an award of the costs and expenses, including attorney fees, incurred in bringing this motion to remand.

## II.

Plaintiff's motion to remand presents a purely procedural question. On November 19, 1988, Congress amended the procedures governing removal of state actions to federal court. *See* Judicial Improvements and Access to Justice Act, Pub.L. No. 100–702, § 1016, 102 Stat. 4642, 4669–70 (1988). Section 1446 now provides as follows: "a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action." 28 U.S.C. § 1446(b). Section 1446 further requires that "notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading...." *Id.*

■ At issue is whether or not the defendants in this case removed this action in accordance with section 1446(b). The amended language became effective November 19, 1988, four months *after* plaintiff filed his action in state court. Because it represents a procedural change, however, the amendment is applied retrospectively to cases pending in state court as of November 19, 1988. *Gray v. Moore Business Forms, Inc.,* 711 F.Supp. 543, 545 (N.D.Cal.1989); *Phillips v. Allstate Ins. Co.,* 702 F.Supp. 1466, 1471 (C.D.Cal.1989). Accordingly, the amended language of section 1446(b) governs the removal of this action from state court by defendants.

### A. Timeliness of Defendants' Removal Petition.

■ Plaintiff challenges the removal of this case on the grounds that defendants' petition for removal was untimely. As amended, section 1446(b) plainly states that removal based on diversity jurisdiction is improper "more than 1 year after commencement of the action." Under both California and federal law, an action "commences" when it is filed. *See* Cal.Civ.Proc. Code § 350; Fed.R.Civ.P. 3; *Coman v. International Playtex, Inc.,* 713 F.Supp. 1324, 1328 (N.D.Cal.1989) (California's definition "is consistent with federal practice...."). Plaintiff filed this action July 21, 1988 and defendants did not remove to federal court until 16 months later. The removal of this case from state court was thus clearly improper under the plain language of the statute.

Defendants argue that this case presents peculiar facts. Plaintiffs here made no attempt to serve defendants with the complaint until after the one-year period for removal had expired. Under California law, plaintiffs have up to three years to effect service of process. Cal.Code of Civ. Proc. § 583.210. The plain language of section 1446(b) thus permits plaintiffs who file in California state court, and then exercise patience in serving the complaint, to prevent defendant non-citizens of California from removing the case to federal court based on diversity jurisdiction.

Notwithstanding the peculiar circumstances of this case, it is well-established policy that removal statutes are to be strictly construed against removal. *Sham-*

*rock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir. 1986), *cert. denied*, 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986). Strict construction is especially warranted in diversity cases, where "concerns of comity mandate that state courts be allowed to decide state cases unless the removal action falls squarely within the bounds Congress has created." *Phillips v. Allstate Ins. Co.*, 702 F.Supp. 1466, 1468 (C.D.Cal.1989).

Consistent with this policy, courts considering the changes to removal procedures implemented by the Judicial Improvements Act have thus far strictly construed the one-year time limitation imposed by section 1446(b). In a case presenting similar facts, a federal court in the Eastern District of California held that removal is barred after one year under section 1446(b), as amended, even when defendants are not served with the complaint during that time. *Rezendes v. Dow Corning Corp.*, 717 F.Supp. 1435 (E.D.Cal.1989). The district court concluded that Congress had "clearly expressed its intent in the plain language of 28 U.S.C. § 1446(b) that a diversity case which has been before a state court for more than one year should stay there." *Id.* at 1438. Other courts facing challenges to the amended language of section 1446(b) have also strictly enforced the one-year time limitation. *See, e.g., Coman v. International Playtex, Inc.*, 713 F.Supp. 1324 (N.D.Cal.1989); *Gray v. Moore Business Forms, Inc.*, 711 F.Supp. 543 (N.D.Cal. 1989); *Greer v. Skilcraft*, 704 F.Supp. 1570 (N.D.Ala.1989); *Phillips v. Allstate Ins. Co.*, 702 F.Supp. 1466 (C.D.Cal.1989).

Defendants urge this Court not to strictly construe the time limitation for removal in section 1446(b) based on the amendment's legislative history, which arguably suggests that Congress intended to bar removal only of cases where substantial progress had been made in state court. In this case no progress occurred in state court because plaintiff failed to serve the complaint within the one-year period.

This Court need not consider the legislative history underlying section 1016 of the Judicial Improvements Act because the statutory language is plain. *See Tulalip Tribes of Washington v. F.A.R.C.*, 732 F.2d 1451 (9th Cir.1984). Furthermore, this Court is bound to follow Congress' mandate: if Congress wishes to impose a one-year rule barring removal, it can do so. In this case defendants filed their petition of removal more than one year after plaintiff commenced the action in state court. Accordingly, this Court finds that the plain language of 28 U.S.C. § 1446(b) precludes removal of this case.

**B.   Nature of Defendants' Removal Petition.**

■   Plaintiff also challenges the removal of this case from state court on the grounds that defendants filed a petition for removal, rather than a notice of removal as required by the amended language of 28 U.S.C. § 1446(b). This technical violation of the amended language is not a procedural defect warranting remand under 28 U.S.C. § 1447(c). *Samura v. Kaiser Foundation Health Plan*, 715 F.Supp. 970, 971 n. 1 (N.D.Cal.1989) (Schwarzer, J.). Accordingly, this Court DENIES plaintiff's motion to remand on this ground.

**C.   Attorney Fees.**

■   A federal district court may order defendants to pay just costs and attorney fees incurred by plaintiff as a result of improper removal. 28 U.S.C. § 1447(c). Such a decision is within the sound discretion of the trial court. *Coman v. International Playtex, Inc.*, 713 F.Supp. 1324, 1329 (N.D.Cal.1989). In this case the law interpreting the Judicial Improvements Act is still developing and, notwithstanding the *Rezendes* decision, defendants' basis for removal and opposition to plaintiff's motion to remand was colorable. This Court therefore DENIES plaintiff's request for attorney fees and costs under 28 U.S.C. § 1447(c).

### III.

For all the foregoing reasons, this Court GRANTS plaintiff's motion and RE-

MANDS this diversity action to state court pursuant to 28 U.S.C. § 1447(c).

IT IS SO ORDERED.