**Alfred ZOGBI, Plaintiff,**

v.

**FEDERATED DEPARTMENT STORE, dba Bullocks Westwood; Lynn Liebig; Scott Jacobsen; and Does I–X, inclusive, Defendants.**

No. CV 91–1537–SVW(Sx).

United States District Court,
C.D. California.

June 5, 1991.

William L. Manuel, Angelia Sheridan, San Pedro, Cal., for plaintiff.

Linda S. Husar, Roberta J. Burnette, Musick, Peeler & Garrett, Los Angeles, Cal., for defendants.

## AMENDED ORDER DISMISSING INDIVIDUAL DEFENDANTS AND STAYING PROCEEDINGS [1]

WILSON, District Judge.

### INTRODUCTION

Plaintiff Zogbi filed the present action in the Superior Court of the State of California for the County of Los Angeles on March 9, 1988. On February 20, 1991, defendants Liebig and Jacobson (sued as "Jacobsen") were served with the summons and complaint. Also, on February 20, 1991, defendant Federated received a copy of the complaint, though it was not served with the summons and complaint by plaintiff. Twenty nine days later, on March 21, 1991, defendant Federated filed a notice of removal in this court, alleging diversity of jurisdiction as the ground for removal. On April 12, 1991, plaintiff Zogbi filed a brief attacking the removal as improper.[2]

Plaintiff's complaint seeks damages for breach of the implied covenant of good faith and fair dealing and for breach of a covenant to terminate only for cause. Plaintiff's complaint seeks general and special compensatory damages according to proof and punitive damages of $2,000,-000.00. Plaintiff Zogbi is a citizen of California. Defendant Federated is a citizen of Delaware, its state of incorporation, and Ohio, its principal place of business. Defendants Liebig and Jacobson are citizens of California. Defendant Federated argues that removal was proper here because Liebig and Jacobson are sham defendants because no cause of action is stated against them under California law. Thus, Federated argues that there is diversity between it and plaintiff Zogbi and that the amount in controversy exceeds $50,000.00.

### DISCUSSION

I. Timeliness of Removal.

Plaintiff challenges the removal as untimely under 28 U.S.C. section 1446(b), which provides:

(b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

28 U.S.C. sec. 1446(b), as amended by the Judicial Improvements and Access to Justice Act, Pub.L.No. 100–702, sec. 1016(b), 102 Stat. 4669 (1988) (the "Act"). Plaintiff argues that 28 U.S.C. section 1446(b) requires that any case removed on the basis of diversity jurisdiction, 28 U.S.C. section 1332, be removed within one year of its commencement. Thus, plaintiff argues that the present case, which was removed more than three years after it was filed in the state court, was not timely removed and should be remanded. Essentially, plaintiff argues that the court should construe the statute narrowly against removal by reading the last clause of section 1446(b) as being applicable to both paragraphs of the subsection. *See Rezendes v. Dow Corning Corp.*, 717 F.Supp. 1435, 1437 (E.D.Cal.1989) (citing *Shamrock Oil & Gas*

---

1. This order supersedes the court's previous Order Dismissing Individual Defendants and Staying Proceedings, filed May 13, 1991. The substance of the court's original order remains unchanged; the court merely makes a few stylistic changes for the sake of clarity.

2. Such a brief serves as a substitute for a notice motion for remand pursuant to this court's Order re Mandatory Status Conference, filed on April 3, 1991 in the present case.

*Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941) and *Gould v. Mutual Life Insurance Co. of New York,* 790 F.2d 769, 773 (9th Cir.1986) for the proposition that removal statutes are to be strictly construed); *Phillips v. Allstate Insurance Co.,* 702 F.Supp. 1466, 1468 (C.D.Cal.1989) ("in diversity cases, ... concerns of comity mandate that state courts be allowed to decide state cases unless the removal action falls squarely within the bounds Congress has created").

Defendant argues that the one year limit in section 1446(b) only applies to diversity cases that are removed pursuant to the second paragraph of section 1446(b), *i.e.,* those removed on the basis of something other than the initial pleading. *See Greer v. Skilcraft,* 704 F.Supp. 1570 (N.D.Ala. 1989) (en banc). While admitting that strict construction is warranted, defendant argues that plaintiff's construction is unreasonable given the language and structure of the statute. Thus, defendant Federated argues that its removal was proper since its notice of removal was filed within 30 days of its receipt of a copy of the complaint, "through service or otherwise." *See* 28 U.S.C. sec. 1446(b).

 In construing a statute, the court's first step is to look at the language used by Congress. *See United States v. James,* 478 U.S. 597, 606, 106 S.Ct. 3116, 3121–22, 92 L.Ed.2d 483 (1986). In the present case, the question for the court is the scope of the limitation on diversity based removals contained in the last clause of the second paragraph of section 1446(b), the "except that ..." clause. The general rule is that a qualifying phrase or clause only modifies that which immediately precedes it. *See* 2A *Sutherland on Statutes and Statutory Construction,* sec. 47.33 (4th ed.1984). As *Sutherland* notes:

> Referential and qualifying words and phrases, where no contrary intention appears, refer solely to the last antecedent.

The last antecedent is "the last word, phrase, or clause that can be made an antecedent without impairing the meaning of the sentence." Thus a proviso usually is construed to apply to the provision or clause immediately preceding it. *Id.* [3] *See Pacificorp v. Bonneville Power Administration,* 856 F.2d 94, 97 (9th Cir. 1988) (adopting this rule of construction). Here, the "except that ..." clause immediately follows a comma, indicating that it modifies the immediately preceding clause. *See* 2A *Sutherland,* sec. 47.33. The immediately preceding clause provides for removal of a case based upon receipt by the defendant of something other than the initial pleading. Thus, the "except that ..." clause only limits the availability of removal on the basis of something other than the initial pleading.

The "except that ..." clause cannot reasonably be read as also modifying the first sentence/paragraph of section 1446(b). This conclusion is reinforced by the structure of subsection (b) of section 1446, *i.e.,* the separation of the two sentences into distinct paragraphs. Given the separate paragraphs, the interpretation proffered by the plaintiff is even less reasonable than it might be if the sentences of section 1446(b) were contained in a single paragraph. *See* 2A *Sutherland,* sec. 47.01 (rules of grammar and composition are relevant in determining what meaning the legislature has communicated by the words and structure chosen). While the court is mindful of the rule requiring strict construction of removal statutes as well as its obligation and desire to jealously guard the limited jurisdiction of the federal courts, these policies cannot be used to distort the meaning of the removal statute enacted by Congress. Had congress intended to preclude removal of all diversity cases commenced more than one year prior to the notice of removal, it easily could have indicated such an intent by wording the statute to accomplish that

---

3. While the "except that ..." language is more indicative of an "exception" than a "proviso," its placement within the body of section 1446(b) rather than in its own section or subsection is more characteristic of a "proviso" than an "exception." *See* 2A *Sutherland,* secs. 47.08, 47.11.

However, since provisos and exceptions serve the same purpose, *i.e.,* restricting the general applicability of the statutory language, and the rules of construction are substantially the same for both, there is no need to distinguish between them for purposes of construing the statute.

result.[4] Since the statute enacted by Congress does not restrict the court's removal jurisdiction in the manner suggested by the plaintiff, the court will not substitute its own policy judgments for those presumably made by Congress in choosing the words and structure of section 1446(b). Thus, the court finds that the one year limitation in section 1446(b) only applies to cases removed on the basis of something other than the initial pleading.

The result reached by this court is supported by the legislative history of section 1446(b). Specifically, Congress was concerned with removal of cases commenced in state courts that had progressed towards trial. H.R.Rep. No. 889, 100th Cong., 2d Sess., at 72, *reprinted in* 1988 U.S. Code Cong. & Admin. News at 5982, 6032–33. Thus, where developments in a non-removable case render it removable,[5] Congress has determined that such a case should not be removed more than one year after its commencement. *Id.; see* 28 U.S.C. section 1446(b). While the one year rule may be susceptible to the manipulations of clever plaintiffs' counsel looking to avoid removal,[6] the existence of plausible loopholes created by the statutory language does not justify finding other loopholes not justifiable under the language of statute. *But cf. Rezendes*, 717 F.Supp. at 1439 & n. 3 (finding that such possibilities rendered its decision reasonable). The rubric of strict construction of removal statutes is not *carte blanche* for disregarding the language and structure of the statute at issue.

Thus, this court adopts the position of the en banc panel of the Northern District of Alabama in concluding that the "except that ..." clause limiting removal to within one year of commencement only applies to cases removed based upon something other than the initial pleading. *See Greer*, 704 F.Supp. at 1582. Further, this court disagrees with the decision of the *Rezendes* court, the only case squarely addressing the question of timeliness of a removal based on an initial pleading served more than one year after commencement. *See Rezendes*, 717 F.Supp. at 1438. The other decisions cited by the plaintiff are distinguishable as those courts were not squarely addressing the issue presented here. *Coman v. International Playtex, Inc.*, 713 F.Supp. 1324 (N.D.Cal.1989) (finding that the Act is not "other paper" for purposes of section 1446(b) and, thus, that removal

---

**4.** For example, Congress could have placed the "except that ..." clause at the end of the first paragraph of section 1446(b) as well as at the end of the second paragraph. Alternatively, Congress could have placed the exception in its own sentence/paragraph. Also, if the subsection was structured as a single paragraph with the one year limit contained in a separate sentence, it would be reasonable to read the statute as setting an absolute one year limit on diversity based removals. Here, however, Congress chose only to place the limiting language as a modifying clause to the second sentence which it set forth as a separate paragraph of section 1446(b).

**5.** For example, settlement with or dismissal of a non-diverse defendant or an amended complaint that seeks damages in excess of $50,000 where the original complaint did not.

**6.** For example, the *Rezendes* court suggests that a plaintiff need only name a non-diverse defendant in a state court complaint and then wait one year to dismiss that defendant. *See* 717 F.Supp. at 1439 n. 3. Thus, the case would not be removable until the non-diverse defendant was dismissed and that, having occurred more than one year after commencement, would pre- clude removal under the second paragraph of section 1446(b). However, under Rule 11 of the Federal Rules of Civil Procedure, and presumably under the state law analogs of Rule 11, unless a plaintiff had reasonable grounds to name the non-diverse defendant, the mere filing of the complaint, even without service on that defendant, would be sanctionable. Thus, the suggested loophole posited by the *Rezendes* court involves conduct prohibited by the Federal Rules of Civil Procedure and those states that have adopted a rule sanctioning frivolous pleadings. *See* Cal.Code Civ.Proc. sec. 447 (adopting Rule 11 analog on trial basis in Riverside and San Bernadino Counties until January 1, 1993).

In *Hom v. Service Merchandise Co.*, 727 F.Supp. 1343, 1344 (N.D.Cal.1990), the plaintiff, not having served his initial complaint, filed an amended complaint which he served more than one year after his initial filing and the defendants removed within thirty days of service of the amended complaint. The court construed the removal statute narrowly and held that the one year limit applied. *Id.* at 1345. Whatever the wisdom of the *Hom* court's ruling, that court was faced with a removal based on an amended pleading. Thus, a strict construction against removal was not wholly unreasonable.

was untimely as not within thirty days of service of the initial pleading);[7] *Phillips*, 702 F.Supp. at 1469–71 (same).

Further, while the *Coman* court also stated that the one year limit would bar removal in any event since the notice of removal was filed more than fourteen months after the commencement of the action, the court's broad reading of the one year limit was unnecessary to its decision. *See Coman*, 713 F.Supp. at 1327–28. The court's broad statement was unnecessary to its decision because the defendant had failed to comply with the thirty day rule and because any removal attempt by defendants based on plaintiff's abandonment of its claims against the fictitious defendants would have been subject to the one year rule under the second paragraph of section 1446(b). *Cf. id.* at 1326 (noting that, under *Bryant*, a plaintiff had to unequivocally abandon its claims against the Doe defendants by dismissing them or proceeding to trial without service on any additional defendants in order for the named defendant(s) to remove). In the present case, the initial pleading demonstrated the basis for removal at the time it was served and the defendant removed it within thirty days of service. The court rejects the plaintiff's argument that section 1446(b) bars removal of an action commenced more than one year prior to the notice of removal where the defendant removed within thirty days of service of the initial pleading in the case. Since this action was removed within thirty days of service of the complaint, it "falls squarely within the bounds Congress has created" and Federated's notice of removal was timely.

II. Propriety of Removal.

■ Plaintiff also attacks Federated's removal as jurisdictionally deficient because there is a lack of complete diversity between plaintiff and the named defendants. Defendant Federated counters that it is of diverse citizenship from plaintiff and that the other named defendants are sham defendants fraudulently joined. Under *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir.1987), a defendant may remove a civil action on the basis of diversity jurisdiction and seek to persuade the district court that any non-diverse defendants were fraudulently joined. A non-diverse defendant is fraudulently joined, if it can be shown that no cause of action has been alleged by the plaintiff and the plaintiff's failure is obvious under settled state law. *Id.*

Here, as in *McCabe*, plaintiff has alleged that the individual defendants were acting in the course and scope of their employment with the defendant employer. *See id.* Since plaintiff's causes of action are for breaches of his employment contract, and the individual managerial employees were not parties to that contract and could not be liable for any breach thereof since they were acting within the course and scope of their duties on behalf of their employer, no cause of action could be stated against defendants Liebig and Jacobson under California law. *See id.; Los Angeles Airways, Inc. v. Davis*, 687 F.2d 321, 328 (9th Cir. 1982). The law of California is well settled that no claim for breach of an implied or express obligation under a contract can be

---

7. Specifically, in *Coman*, 713 F.Supp. at 1325, the plaintiff filed suit in state court on October 6, 1987 and served the defendant on December 9, 1987. However, because the complaint named Doe defendants, the case was not removable until the amendments made by the Act became effective on November 19, 1988. *See id.* (citing *Bryant v. Ford Motor Co.*, 844 F.2d 602, 605 (9th Cir.1987) (en banc), *cert. vacated*, 488 U.S. 986, 109 S.Ct. 542, 102 L.Ed.2d 572 (1988) for the proposition that Doe defendants destroy diversity); 28 U.S.C. sec. 1441(a) (as amended by the Act, sec. 1016(a); providing that the citizenship of defendants sued under fictitious names shall be disregarded). The defendant removed on December 19, 1988, thirty days after the Act became effective, claiming that the action had become removable by virtue of the amendment to section 1441(a). *Coman*, 713 F.Supp. at 1325–26. The court held that the new law applied retroactively to actions pending on its effective date and that the law did not constitute "other paper from which it may first be ascertained that the case is one which is or has become removable" for purposes of the second paragraph of section 1446(b). *Id.* at 1327, 1328. Since the defendant had failed to remove the action within thirty days of service of the initial complaint and Congress had not intended the new law to trigger a right to remove in cases already pending, defendant's removal was untimely. *Id.* at 1327; *see Phillips*, 702 F.Supp. at 1468–69 (to the same effect as *Coman*).

made by one not a party to or having obligations under the contract. *Cf. McCabe,* 811 F.2d at 1339 (noting that plaintiff had not alleged any duty owed to him by the managerial employees under his employment contact). Thus, the court concludes that plaintiff's joinder of Liebig and Jacobson was a sham and their presence does not destroy diversity.[8] Further, since no cause of action is stated against them, the court hereby dismisses the complaint as against Liebig and Jacobson.

## III. Bankruptcy Stay.

Defendant Federated has informed the court that it had filed, on January 15, 1990, a voluntary petition for bankruptcy under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the Southern District of Ohio. Pursuant to 11 U.S.C. section 362(a), all judicial proceedings against Federated were automatically stayed. In May, 1990, the bankruptcy court ordered that all claimants must file their proofs of claim with the bankruptcy court by August 1, 1990. In June, 1990, the bankruptcy court granted limited relief from the automatic stay to allow claimants to liquidate their claims against Federated. The plaintiff did not file a proof of claim with the bankruptcy court by August 1, 1990. Thus, it would appear that the plaintiff is not a claimant entitled to the limited relief provided from the automatic stay. Therefore, the court will stay this action unless and until such relief from the bankruptcy stay is granted or plaintiff demonstrates that he is within the limited relief previously granted by the bankruptcy court.

## CONCLUSION

Based on the foregoing, the court finds that the notice of removal filed by defendant Federated was timely under 28 U.S.C. section 1446(b) as it was filed within thirty days of its receipt of the initial pleading in this action. Further, removal in this case was proper as no cause of action was properly stated against the non-diverse defendants, Liebig and Jacobson, and that failure was obvious under settled California law. Hence, defendants Liebig and Jacobson were fraudulently joined sham defendants whose presence does not destroy diversity. In view of the fact that no cause of action is stated against the sham defendants, the court hereby ORDERS that plaintiff's complaint is DISMISSED as against defendants Liebig and Jacobson (sued as "Jacobsen"). Finally, unless and until the plaintiff seeks and is granted relief from the automatic stay to proceed against defendant Federated or demonstrates that he is within the limited relief previously granted by the bankruptcy court, this action will be and hereby is STAYED and placed on the court's inactive calendar. Counsel for the plaintiff shall notify this court if the plaintiff is within the relief previously granted or within ten days of the granting of any relief from the bankruptcy stay that would allow this case to proceed.

IT IS SO ORDERED.

---

**8.** Plaintiff also complains that R.H. Macy and Bullock's failed to join in the notice of removal. However, neither Bullock's nor R.H. Macy was named as a defendant in this action. "Bullock's Westwood" was identified in the complaint, but as a dba of defendant Federated, *i.e.,* the capacity in which Federated was being sued. Thus, Federated's joinder in the removal was suffi- cient to include its dba, Bullock's Westwood. Further, though R.H. Macy purchased the "Bullock's" division from Federated after the events underlying plaintiff's complaint, R.H. Macy was not named in the complaint and need not have joined in the notice of removal. Thus, the removal was procedurally proper in that all named defendants joined in the removal.