Monica PEREZ an individual, and
Jaime Perez, an individual,
Plaintiffs,

v.

GENERAL PACKER, INC., Rion
Netsugaku, Inc. and Does I–
X, inclusive, Defendants.

No. SA CV 91–312 AHS (RWRx).

United States District Court,
C.D. California.

April 22, 1992.

R.D. Kirwan, Lisa E. Feldman, Pillsbury, Madison & Sutro, Los Angeles, Cal., for plaintiffs.

James J. Barker, Santa Monica, Cal., for defendants.

## MEMORANDUM OPINION ON ORDER REMANDING ACTION FOR LACK OF JURISDICTION

STOTLER, District Judge.

## I.

## INTRODUCTION

This action to recover for personal injuries suffered by plaintiff Monica Perez brought against four Japanese corporations raises these issues. First, whether a

case should be remanded where, although pending for over two (2) years in the state court, the removing defendants were not served until 30 days before they removed the case and plaintiffs did not move to remand the action within 30 days after the date of removal. If the answer is that the limitation on removal of actions pending in the state court over one year is jurisdictional, then the Court must remand this case. Second, if the one-year limitation on removal is only procedural, whether the Court is obliged to exercise jurisdiction over the case because plaintiffs' failure to move for remand bars the Court from ordering remand on the same basis.

By this Order, the Court remands the action to state court on the basis that removal was sought in violation of 28 U.S.C. § 1446(b) and that plaintiffs' failure to move for remand does not preclude the Court from so ordering.

## II.

### PROCEDURAL BACKGROUND

According to the complaint, plaintiff Monica Perez's right hand was "caught and injured" on December 12, 1988, by a mushroom-packaging machine she was operating at Southern California Mushroom, Inc., her place of employment. Plaintiffs Monica and Jaime Perez filed this action for personal injuries in the Superior Court for the County of San Bernardino on December 12, 1989. Plaintiffs sued defendants General Packer, Inc. ("General Packer"), Rion Netsugaku, Inc. ("Rion"), and Does 1 through 10, for negligence, products liability, and loss of consortium. Both General Packer and Rion are Japanese corporations. (Complaint ¶¶ 3, 4).

Defendants General Packer and Rion were served on August 31, 1990. (Decl. of James J. Barker, attached to Supplemental Opposition to Motion to Dismiss, p. 4) The Notice of Removal alleges that General Packer has never appeared in this action and that plaintiffs have "agreed" not to pursue their case against General Packer for lack of personal jurisdiction. (Notice of Removal, ¶ 5) Plaintiffs do not dispute this. Plaintiffs state that they voluntarily dis-

missed defendant Rion from the action, with prejudice, for lack of personal jurisdiction on an unspecified date. (Memo of Points and Authorities in Opposition to Motion to Dismiss, p. 2; *see also* Notice of Removal, ¶ 5)

Sometime between December 10, 1990, and February, 1991, plaintiffs learned that the machine that injured Monica Perez was sold by Kabushiki Kaisha Chikuma Kasei ("Chikuma") to Shoei Trading Co., Ltd. ("Shoei"). (Decl. of Komatsu, Pres. of Chikuma, ¶ 13; Decl. of Ken Imamura, p. 2) Shoei then sold the machine to Southern California Mushroom, Inc. (Decl. of Ishii, Pres. of Shoei, ¶ 12) Plaintiffs also learned that Shoei and Chikuma are Japanese corporations. (Notice of Removal, ¶ 4)

On March 28, 1991, plaintiffs amended their complaint to name Shoei and Chikuma as Doe defendants I and II, respectively. On May 13, 1991, almost 1½ years after the action was filed, plaintiffs served Shoei and Chikuma in accordance with the Hague Convention by forwarding a copy of the Summons and Complaint to the District Court in Japan, which delivered the documents to the defendants.

On June 12, 1991, specially appearing defendants Shoei and Chikuma filed a Notice of Removal alleging jurisdiction pursuant to 28 U.S.C. § 1332. On June 18, 1991, Shoei and Chikuma filed a Motion to Dismiss for Lack of Personal Jurisdiction in this Court. At the hearing, the Court informed the parties of its intent to remand the action because defendants had not removed the suit within one year of its commencement in state court in violation of 28 U.S.C. § 1446(b). The defendants requested and were granted leave to file supplemental opposition to remand. Plaintiffs were granted leave to file a supplemental reply. Both parties filed supplemental papers, plaintiffs urging the Court to remand the action.

The Court thereafter issued a draft Memorandum Opinion On Order Remanding Action for Lack of Jurisdiction and invited further comment from and supplemental briefing by the parties. Both defendants

and plaintiffs filed supplemental papers, defendants urging the Court not to remand the action.

## III.

### THE REMOVAL STATUTES

#### A. *Whether the One-year Time Limit Applies*

The Removal Statutes, 28 U.S.C. §§ 1441–1452, govern the removal of a state court case to a federal district court. On November 19, 1988, the Removal Statutes were revised under the Judicial Improvements and Access to Justice Act (the "1988 Act"). Judicial Improvements Act, Pub.L. No. 100–702, 102 Stat. 4642 (1988). As a result of these revisions § 1446(b) now reads:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
>
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.* 28 U.S.C. § 1446(b) (West 1991) (emphasis added).

1. It should be noted that the first-served defendants in this case, General Packer and Rion, did not file Notice of Removal within 30 days of receipt of the complaint. Normally, a defendant's failure to remove a case within the 30 day limit waives the defendant's option to remove. *Coman v. International Playtex, Inc.,* 713

■ The case at issue showed the diversity of the parties on the face of the initial complaint. As such, it falls within the first paragraph of § 1446(b) [1]. Thus, the first issue presented is whether the language "except that a case may not be removed ... more than 1 year after commencement of the action" applies only to a case that becomes removable when diversity is known by way of a subsequent paper (the second paragraph of § 1446(b)) or also to a case that was removable due to diversity when first filed (the first paragraph of § 1446(b)).

Defendants urge the Court to adopt the reasoning in *Zogbi v. Federated Dept. Store,* 767 F.Supp. 1037 (C.D.Cal.1991), which held that the one-year limit applies only to the second paragraph of § 1446(b). In *Zogbi,* defendant Federated Department Store received a copy of the complaint in a state court suit filed almost 3 years earlier. Within 30 days of the receipt of the paper, Federated filed a notice of removal, alleging diversity of jurisdiction as the ground for removal. Plaintiff objected to the removal in a filing which the Court treated as a substitute for a motion to remand.

Although the case had been pending for over three years in the California Superior Court, the *Zogbi* court denied plaintiff's motion to remand. It concluded that the one-year limit applies only to diversity cases that become removable by way of a subsequent paper. The *Zogbi* court reasoned, first, that as a general rule, a qualifying phrase only modifies that which immediately precedes it. *Id.* at 1039. Thus, the "except that" clause modifies only the language preceding it in the second paragraph. Second, the policy of limiting federal courts' jurisdiction cannot overcome the plain meaning of the language of § 1446(b). *Id.* Third, the legislative history of the Act shows that Congress was really only concerned with restricting removal of cases

F.Supp. 1324, 1326 (N.D.Cal.1989); *Goldberg v. CPC Int'l, Inc.,* 495 F.Supp. 233, 236–37 (N.D.Cal. 1980). While it may be argued that the prior defendants' waiver of their option to remove constitutes waiver of the subsequent defendants' option to remove, no party before the Court has made this contention.

that had made some progress in state court. *Id.* at 1040.[2] (In *Zogbi* itself there is no indication whether any progress had in fact been made in the case during its years of pendency in the state court.) On these bases the *Zogbi* court declined to apply the one-year limit to an action continuing diverse citizens from the date of filing.

*Zogbi* is the only case to date to construe § 1446(b)'s language in this manner. Other courts that have considered this issue have ruled that the one-year limit applies to both paragraphs. In *Hom v. Service Merchandise Co., Inc.,* 727 F.Supp. 1343 (N.D.Cal.1990), the court addressed whether the one-year limit applied to a case that was removable due to diversity from the beginning. The *Hom* court reasoned:

> ... it is well-established policy that removal statutes are to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Gould v. Mutual Life Ins. Co. of New York,* 790 F.2d 769, 773 (9th Cir. 1986) *cert. denied,* 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986). Strict construction is especially warranted in diversity cases, where 'concerns of comity mandate that state courts be allowed to decide state cases unless the removal action falls squarely within the bounds Congress has created.' *Phillips v. Allstate Ins. Co.,* 702 F.Supp. 1466, 1468 (C.D.Cal.1989).

*Hom* at 1344–45. The *Hom* court concluded, "[t]his Court need not consider the legislative history underlying section 1016 of the Judicial Improvements Act [28 U.S.C. § 1446] because the statutory language is plain." *Id.* at 1345. Without further discussion, the *Hom* court held that the one-year limit applied to a case showing diversity from the date of filing and remanded the action.

In *Rezendes v. Dow Corning Corp.,* 717 F.Supp. 1435 (E.D.Cal.1989), the court found "... Congress has clearly expressed its intent in the plain language of 28 U.S.C. § 1446(b) that a diversity case which has been before a state court for more than a year should stay there." *Id.* at 1438. The court noted that "One of Congress' major concerns addressed by the Judicial Improvements Act was the rising caseload in the federal courts." *Id.* Thus, "[a]lthough the ... congressional analysis did state that the amendment to 28 U.S.C. § 1446(b) 'addresses problems that arise from a change of parties as an action progresses towards trial in state court,' [a "subsequent paper" situation] ... it does *not* indicate application of the one-year rule was intended to apply *solely* in such situations." *Id.* 1438–39 (emphasis in original) (referring to the section-by-section analysis of the Act in H.R.Rep. No. 889, 100th Cong., 2d Sess. 71–73 (1988) *reprinted in* 1988 U.S.Cong. & Admin.News 5982, 6033). As a result, the *Rezendes* court applied the one-year limit to a case removable on account of diversity from the date of filing and remanded the action.

A district court should give serious consideration to decisions of other district courts within the same circuit. *Haleiwa Theatre Co. v. Forman,* 37 F.R.D. 62, 65 (D.Haw.1965). However, as detailed above, district courts within this circuit are divided on the issue of whether the one-year limit applies to cases that demonstrated diversity of citizenship from filing. This Court adopts the reasoning of the *Hom* and *Rezendes* opinions rather than that of the *Zogbi* opinion and concludes for several reasons that the one-year limit applies to both paragraphs of 28 U.S.C. § 1446(b).

First, the language of removal statutes is to be strictly construed against removal. *Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Gould v. Mutual*

---

**2.** Defendants also urge the Court to adopt the reasoning in *Greer v. Skilcraft,* 704 F.Supp. 1570 (N.D.Ala.1989). However, the *Greer* court never addressed the question of whether the one-year limit applied to cases that were diverse from the moment of filing. Instead, the *Greer* court addressed whether cases pending when the 1988 Act took effect (cases that, as a consequence, became removable and so fell within § 1446(b), second paragraph) were subject to the one-year limit. Thus, *Greer* does not apply to this case.

*Life Ins. Co. of New York,* 790 F.2d 769, 773 (9th Cir.1986), *cert. denied,* 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986). The plain language of § 1446(b) may be reasonably construed as stating that all cases removed on the basis of diversity are subject to the one-year limit. *Hom* at 1435. Defendants attach significance to the one-year limitation's appearance only at the end of the second paragraph, as did the *Zogbi* court. However, the fact that Congress chose to place the one-year limit after only one paragraph instead of both should not detract from the purpose of § 1446(b) which, in both paragraphs, is to require prompt removal once diversity of citizenship is known.

Second, while there is no need to consult the legislative background of § 1446, the Court observes that the legislative history lends support to opposite interpretations. Defendants cite at length to a section of the legislative history for § 1446(b) which indicates that the one-year limit was intended by Congress to address problems arising from a change of parties as the action progressed toward trial in state court, i.e., an action that falls into paragraph two. (*See* H.R.Rep. No. 889, 100th Cong., 2d Sess. 71–73 (1988), *reprinted in* 1988 U.S.Code Cong. & Admin.News 5982, 6031–34.) (The fact that the instant case also demonstrates a change in parties carries no weight with defendants.) However, that same legislative history reveals that one of Congress' main concerns in modifying § 1446(b) was the rising caseload of federal courts. Indeed, Congress initially considered eliminating diversity jurisdiction altogether. *Rezendes* at 1438. Further, the legislative history does not state that the one-year limit should apply only to cases that become diverse due to a subsequent filing. Therefore, the Court can find support in the legislative history, as the *Rezendes* court could find support, for applying the one-year limit to the first paragraph of § 1446(b).

Defendants also argue that if Congress' main goal was to reduce the Federal courts' diversity caseload then Congress would not have allowed courts to interpret the 30-day remand limit as a procedural limit, thus allowing inattentive plaintiffs to overload the federal judiciary. Rather, defendants argue, Congress would have acted to define the 30-day limit as jurisdictional. However, this argument assumes a commonality of purpose between the 30-day and one-year limits. As discussed later, because the underlying basis for considering remand in this case, violation of the one-year limit, is jurisdictional in nature, the Court may raise such violation *sua sponte.* In this manner, federal courts may exercise control over their diversity caseloads while plaintiffs who seek to use motions for remand as a strategic card are limited to 30 days within which to make their bid. Therefore, the 30-day limit, treated as a procedural rule, accomplishes Congress' objectives.

Finally, this Court also finds that the one-year limit applies to both paragraphs of § 1446(b) because such interpretation will serve the concerns of preserving comity between the state and federal courts. (*See Phillips v. Allstate Ins. Co.,* 702 F.Supp. 1466, 1467–68 (C.D.Cal.1989); *Hom* at 1345.) State courts have as much interest in deciding state law cases which, from the beginning, have parties of diverse citizenship as in cases that become diverse sometime after filing. Nor is it productive of good for the federal court to assess the "progress" made in the state court proceedings in determining whether to remand, or, as suggested in *Greer v. Skilcraft,* 704 F.Supp. 1570, 1583 (N.D.Ala. 1989), to assess whether the plaintiff's effort to have the complaint served was *bona fide.*

Accordingly, the Court finds that the one-year limit applies to both paragraphs of § 1446(b), and, as such, the one-year bar for removal applies to this case.

### B. *When Does a Case "Commence?"*

A subsidiary issue raised by the wording of 28 U.S.C. § 1446(b) is when does a case, for purposes of the one-year limit, "commence"?

Section 1446(b) provides in relevant part:

... except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after *commencement of the action.*

Plaintiffs in this case claim to have discovered the existence of the removing defendants about one (1) year after the complaint was filed in state court. Plaintiffs served the removing defendants (Japanese corporations) approximately five (5) months thereafter. Defendants removed 30 days later. Defendants argue that the case should be deemed "commenced" when they were served with the complaint, or at least when a good faith effort was made to serve them with the complaint.

*Greer v. Skilcraft,* 704 F.Supp. 1570 (N.D.Ala.1989), held that a case, for purposes of § 1446(b), commenced when it was filed in state court *and* the plaintiff had made a "good faith effort" to serve the complaint on the defendant(s). *Id.* at 1583. The *Greer* court reasoned that this would prevent underhanded attempts by plaintiffs to block removal by delaying service until after the one-year period expired. *See also Saunders v. Wire Rope Corp.,* 777 F.Supp. 1281 (E.D.Va.1991).

▮▮ Except for *Greer* and *Saunders,* however, all other courts addressing this issue have found that a case, for purposes of § 1446(b), "commences" when it is filed in state court. In removal cases the timing of "commencement" is controlled by the law of the state in which the action originated. *Coman v. International Playtex, Inc.,* 713 F.Supp. 1324, 1328 (N.D.Cal.1989). Thus, in the case at hand, because the action originated in California, California law controls. California law clearly defines "commenced" as the time when the action is filed in court. Cal.Civ.Proc.Code § 350 (West 1991) ("An action is commenced ... when it is filed."); *Coman* at 1328; *Phillips v. Allstate Insurance Co.,* 702 F.Supp. 1466, 1469 (C.D.Cal.1989); and *Hom v. Service Merchandise Co., Inc.,* 727 F.Supp. 1343, 1344 (N.D.Cal.1990). Federal Rule of Civil Procedure 3 (West 1991) also provides: "A civil action is commenced by filing a complaint with the court."

Accordingly, the Court finds that the instant case "commenced," for purposes of the one-year limit in § 1446(b), when it was filed in state court. Because this action was filed on December 12, 1988, and defendants did not file their Notice of Removal until June 12, 1991, defendants have violated the one-year limit.

C. *Whether the One-year Limit is Merely a Procedural Rule Which Plaintiffs Have Waived by Not Asserting Within 30 Days, or in the Nature of a Jurisdictional Rule Which the Court May Invoke Sua Sponte*

▮▮ Title 28 U.S.C. § 1447(c) provides that the plaintiff must bring a motion to remand "on the basis of any defect in removal procedure" within 30 days after the Notice of Removal is filed. In this case, plaintiffs did not move to remand within the 30 days. Rather, the Court suggested remand *sua sponte* at the hearing on defendants' Motion to Dismiss 33 days after the Notice of Removal was filed.

Cases interpreting § 1446(b) before its amendment to include the one-year limitation under study held that when a defendant files a Notice of Removal over 30 days from receipt of service in violation of § 1446(b), it is a procedural defect in removal. *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1212 (9th Cir.1980); *Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1065 (9th Cir.1979); and *Leininger v. Leininger,* 705 F.2d 727, 729 (5th Cir.1983). If a plaintiff does not move to remand the case on the basis of this 30 day defect within 30 days of the Notice of Removal pursuant to § 1447(c), this is also a violation of a procedural rule and so plaintiff has waived the right to remand on that basis. *Fristoe* at 1212; *Libhart* at 1065; *Financial Timing Publications v. Compugraphic Corp.,* 893 F.2d 936, 940 (8th Cir.1990); *Wilson v. General Motors Corp.,* 888 F.2d 779, 781 n. 1 (11th Cir. 1989); and *Gray v. Moore Business Forms, Inc.,* 711 F.Supp. 543, 544 (N.D.Cal. 1989). If a plaintiff has waived this right, the court does not appear able, or at least

not obligated, to assert it for him *sua sponte*. *Financial Timing* at 940 *citing Mackay v. Uinta Dev. Co.*, 229 U.S. 173, 176, 33 S.Ct. 638, 639, 57 L.Ed. 1138 (1913).

■ However, when a defendant files a Notice of Removal more than one year after commencement of the action, several cases have held that it is a jurisdictional defect. *Molden v. Firestone Tire & Rubber Co.*, 754 F.Supp. 521, 523 (M.D.La. 1990); *Foiles by Foiles v. Merrell Nat. Laboratories*, 730 F.Supp. 108, 110 (N.D.Ill.1989); and *Smith v. MBL Life Assur. Corp.*, 727 F.Supp. 601, 603–04 (N.D.Ala.1989). A court may raise a jurisdictional defect at any time before final judgment. 28 U.S.C. § 1447(c)[3]; 730 F.Supp. at 110; 754 F.Supp. at 523, 727 F.Supp. at 603–04.[4]

■ Defendants, in supplemental briefing, argue that *Wilson* and *Gray* hold that the one-year limit is a procedural limit and that the Court should adopt their reasoning rather than the reasoning in the decisions *contra*. However, the *Wilson* and *Gray* decisions are set in the context of deciding whether the one-year limit is retroactive for cases that were pending in state court at the time of the 1988 Act. The *Molden, Foiles* and *Smith* decisions, on the other hand, address specifically whether the 30–day limit is procedural and/or the one-year limit is jurisdictional for purposes of waiver and *sua sponte* action by the court. Thus, the *Molden, Foiles* and *Smith* decisions are instructive in this case, while the *Wilson* and *Gray* decisions are not.

Further, several reasons point to the conclusion that the one-year limit is jurisdictional rather than merely procedural. First, the plain language of the statute itself is prohibitory and states: "a case may not be removed ... more than 1 year after the commencement of the action." This, combined with the Supreme Court directive to construe removal statutes strictly against removal[5] means that this language should be construed as a jurisdictional bar. Defendants point out that the heading above § 1446 is "Procedure for Removal." Defendants contend that the Court, based on the plain language of this heading, should interpret the § 1446(b) one-year limit as a procedural rule. However, using headings as guidance for proper interpretation, defendants would take little comfort in the Part IV designation applicable to these sections of Title 28 which is "Jurisdiction and Venue." At best, the headings are not determinative of the jurisdictional versus procedural issue.

Second, to read the one-year rule as non-jurisdictional would encourage litigants over the one-year limit to file Notices of Removal regardless of the limit and wager that the plaintiff will not detect the statutory violation within 30 days. In response, defendants argue that because Rule 11 of the Federal Rules of Civil Procedure demands that signing counsel believe, to the best of their knowledge, that the pleading is warranted by existing law, there is no risk of such unlawful removal attempts. However, the Court believes that to expect a plaintiff who has overlooked the 30–day time limit will nonetheless have the perspicacity and diligence to move for Rule 11 sanctions is to hold an expectation unlikely to be met. (Plaintiffs in this action did not make a Rule 11 motion.) Nor do federal judges have the time necessary to check for Rule 11 violations in each and every case. Experience has shown that cases pending over one year in the state courts are regularly removed, even where it was a "subsequent paper" which created diversi-

---

**3.** 28 U.S.C. § 1447(c) provides:

> If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

**4.** The *Greer* decision is not *contra* because it stated:

> We expressly do not conclude whether the one-year limitation contained in [section 1446(b) ] is a jurisdictional bar or a procedural bar ...

*Greer v. Skilcraft*, 704 F.Supp. 1570, 1566 n. 6. (N.D.Ala.1989).

**5.** *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108–09, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941); *Gould v. Mutual Life Ins. Co. of New York*, 790 F.2d 769, 773 (9th Cir.1986), *cert. denied*, 479 U.S. 987, 107 S.Ct. 580, 93 L.Ed.2d 582 (1986).

ty and thus, in defendants' eyes, made the case removable.

Third, the interests of comity between state and federal courts, especially if the case has seen substantive progress at the state court, require remand for cases over the one-year limit—whether or not the plaintiff is alert or inspired enough to raise the one-year defect.

Therefore, the Court finds that the one-year rule is a jurisdictional rule and its violation a jurisdictional defect. As such, the Court may *sua sponte* challenge the removal on that basis.

D. *Whether the Court May Challenge Removal More Than 30 Days After Defendants File a Notice of Removal*

Defendants in this case filed Notice of Removal on June 12, 1991. Although plaintiffs did not move to remand during the 30-day time prescribed by statute, the Court did so on the basis of defendants' violation of the one-year limit on removal. The Court indicated its intent at a hearing held July 15, 1991—33 days after the Notice of Removal was filed.

Defendants in this action cite *Air-Shields, Inc. v. Fullam*, 891 F.2d 63 (3d Cir.1989) for the proposition that "... under revised 28 U.S.C. § 1447(c), the district court could only remand within 30 days of the filing of notice to remove for procedural defects." *Id.* at 65. Therefore, defendants argue, this Court cannot remand beyond the 30 days allotted to plaintiffs. However, the court in *Air-Shields* addressed a case in which defendant failed to file Notice of Removal within 30 days of receipt of service. As the prior section discusses and *Air-Shields* states, that is a *procedural* defect. Therefore, once plaintiff has waived that defect, the court cannot resurrect it. Here, however, as discussed above, we address a jurisdictional defect. Courts addressing this particular jurisdictional defect have held that, because the one-year limit is jurisdictional, the district court may remand a case *sua sponte* more than 30 days after filing of the Notice of Removal. *Molden v. Fire-*

*stone Tire & Rubber Co.*, 754 F.Supp. 521, 523 (M.D.La.1990); *Foiles by Foiles v. Merrell Nat. Laboratories*, 730 F.Supp. 108, 110 (N.D.Ill.1989); and *Smith v. MBL Life Assur. Corp.*, 727 F.Supp. 601, 603–04 (N.D.Ala.1989).

As reasoned by the *Foiles by Foiles* court, to rule as defendants urge would be to disregard the plain language of § 1446(b) which commands that "a case may not be removed more than 1 year after the commencement of the action." If the court accepted defendants' view, the "effect would be to rewrite the statute to read: 'A case may not be removed ... more than 1 year after commencement of the action, unless it is removed and the adverse party fails to file a timely motion to remand pursuant to § 1447(c).' The Court does not believe that Congress intended this result."

The Court, therefore, may order remand of this action to the state court although the plaintiffs failed to seek remand within 30 days after the Notice of Removal was filed.

## VI.

## CONCLUSION

For all the reasons set forth above, the Court finds that this case should be remanded to state court forthwith.

IT IS SO ORDERED.

IT IS FURTHER ORDERED that the Clerk shall serve a copy of this Order on all counsel of record and the Clerk of the San Bernardino Superior Court.