**Gary SHIVER, Plaintiff,**

v.

**SPRINTCOM, INC., Defendant.**

**No. G–01–542.**

United States District Court,
S.D. Texas,
Galveston Division.

Oct. 5, 2001.

Robert D Clements, Jr., Attorney at Law, Alvin, TX, for Gary Shiver.

Dean D Hunt, Bracewell & Patterson, Houston, TX, Kelly Michele Perry, Bracewell & Patterson, Houston, TX, for Sprintcom Inc.

### ORDER DENYING PLAINTIFF'S MOTION TO REMAND

KENT, District Judge.

Plaintiff Gary Shiver ("Shiver") brings this action for trespass and a permanent injunction against Defendant Sprintcom, Inc. ("Sprintcom"). Now before the Court is Plaintiff's Motion to Remand filed September 14, 2001. For the reasons stated below, Plaintiff's Motion to Remand is **DENIED.**

### I. BACKGROUND

On April 14, 1999, Plaintiff filed suit in the 23rd District Court of Brazoria County, Texas against Sprintcom, a Delaware corporation with its principal place of business in Kansas, and Charles Sherwood, an individual residing in New York, asserting trespass to Plaintiff's real property or, in the alternative, negligence in causing harm to Plaintiff's property and economic interest. On July 28, 1999, Sprintcom removed the lawsuit to federal court on the basis of diversity jurisdiction. After removal by Sprint, Plaintiff dismissed the lawsuit.

Subsequently, on August 23, 1999, Plaintiff filed a second petition against Sprintcom in the 149th District Court of Brazoria County, Texas. The claims asserted

against Sprintcom in the second petition were identical to those asserted in the first petition. However, the second lawsuit differed from the first action because Charles Sherwood was no longer named as a defendant. Instead, the second action joined Carl Washington, an individual residing in Texas, as a second defendant.

On July 20, 2000, Washington filed a motion for summary judgment. Over a year later, the court dismissed Shiver's claims against Washington with the exception of one trespass allegation relating to the placement of an underground cable. On August 31, 2001, the eve of trial, Shiver nonsuited Washington from the lawsuit. That same day, Sprintcom removed the lawsuit to this Court on the basis of diversity jurisdiction. Shiver now requests that this Court remand the action to state court.

## II. ANALYSIS

Section 28, United States Code § 1446(b) prohibits removal of a case to federal court on the basis of diversity jurisdiction if more than one year has passed since commencement of the action. *See* 28 U.S.C. § 1446(b). There is no question that Sprintcom's attempt at removal comes more than one year after commencement of the action. *See* Tex.R.Civ.P. 22 (action is "commenced" when petition is filed). Rather, the issue before the Court is whether the one-year limitation on removal in diversity cases is absolute. Shiver asserts that it is. Sprintcom argues that the one-year bar is subject to equitable exceptions.

■ The precise issue has not been addressed by the Fifth Circuit or in any reported appellate decision. The Fifth Circuit has held, however, that the deadlines articulated in 28 U.S.C. § 1446(b) are procedural and not fatal to jurisdiction. *See Barnes v. Westinghouse Electric Corp.*, 962 F.2d 513, 516 (5th Cir.1992)

("... [T]he time limitation for removal is not jurisdictional, it is merely modal and formal and may be waived.") (citations omitted). Furthermore, several district courts within the Fifth Circuit have addressed the issue precisely and held that the one-year limitation is subject to equitable exceptions. *See Greene v. Mobil Oil Corp.*, 66 F.Supp.2d 822, 825 (E.D.Tex. 1999) (making an equitable exception to the one-year limitation where a technical application of the requirement would be inequitable); *Ferguson v. Security Life of Denver Ins. Co.*, 996 F.Supp. 597, 603 (N.D.Tex.1998) (determining that the one-year limitation on removal contained in § 1446(b) is procedural and subject to equitable exceptions); *Kinabrew v. Emco–Wheaton, Inc.*, 936 F.Supp. 351, 353 (E.D.La.1996); *Morrison v. Nat'l Benefit Life Ins. Co.*, 889 F.Supp. 945, 950–51 (S.D.Miss.1995) (holding plaintiff equitably estopped from asserting deadline in light of bad faith forum manipulation). A number of other district courts across the nation have also made equitable exceptions to the one-year rule set forth in § 1446(b). *See, e.g., Zogbi v. Federated Dept. Store*, 767 F.Supp. 1037, 1040 (C.D.Cal.1991); *Sheppard v. Wire Rope Corp.*, 777 F.Supp. 1285, 1289 (E.D.Va.1991); *Kite v. Richard Wolf Medical Instruments Corp.*, 761 F.Supp. 597, 600 (S.D.Ind.1989). In light of these persuasive authorities, this Court finds that the one-year limitation in § 1446(b) is not absolute, but rather, subject to equitable exceptions.

■ "Equity aids the vigilant and not those who slumber on their rights." *Nat'l Assoc. of Gov't Employees v. City Pub. Service Bd. of San Antonio, Texas*, 40 F.3d 698, 708 (5th Cir.1994). Thus, Sprintcom must demonstrate that its own conduct conformed to equitable principles. *See Jinks v. Mays*, 464 F.2d 1223, 1227 (5th Cir.1972). It appears that Sprintcom

has met this burden. Sprintcom immediately removed this lawsuit to federal court on August 31, 2001, the day that Washington was nonsuited by Shiver. This Court duly notes Shiver's contention that removal was filed "beyond the eleventh hour." (Shiver's Motion to Remand at 5.) However, the Court also notes that Shiver waited until "beyond the eleventh hour" to nonsuit Washington. Therefore, it appears that Sprintcom was indeed vigilant in removing the lawsuit at the earliest time possible.[1] This Court finds no suggestion that Sprintcom's Removal of this case will lead to undue delay, unfair prejudice, or in any way deprive Shiver of his day in court. Because the equitable considerations relevant to this determination favor Removal, Shiver's Motion to Remand is hereby *DENIED*. Furthermore, without prejudging the merits of this case, this Court suggests that both parties approach the remainder of this case with a view toward reaching a realistic settlement of this matter, rather than unduly expending both public and private resources on further litigation that could be better utilized to provide fair and equitable closure for both parties to this dispute.

**IT IS SO ORDERED.**

---

1. The Court also recognizes that both Parties address the issue of fraudulent joinder in their pleadings. Clearly, Sprintcom had ample time to remove on that basis. As such, a removal at this late date based solely on fraudulent joinder would suggest that Sprintcom has not been completely vigilant. *See Ferguson v. Security Life of Denver Ins. Co.*, 996 F.Supp. 597, 603 (N.D.Tex.1998). However, in its First Amended Notice of Removal, Sprintcom seeks removal first on the basis of diversity jurisdiction alone, and "in addition ... based on Plaintiff's fraudulent actions." (Sprintcom's First Am. Notice of Removal at

2). The State Court hearing this case did not dismiss all of the claims against Washington on Summary Judgment, but rather, found merit in the simple trespass allegation that remained. In light of this fact, this Court finds that Sprintcom was not acting in bad faith by failing to remove on the basis of fraudulent joinder at an earlier stage in the litigation. At any rate, the decision to deny Shiver's Motion to Remand is in no way based upon either Party's arguments relating to fraudulent joinder, but only on Sprintcom's primary justification for removal—the fact that diversity was created upon the nonsuiting of Washington.