Martha **ELSHOLTZ**

v.

**TASER INTERNATIONAL, INC.**

No. 4:05–CV–487–Y.

United States District Court,
N.D. Texas,
Fort Worth Division.

Jan. 5, 2006.

Robert Earle Haslam, Haslam Law Firm, Jeffrey H. Kobs, Mark A. Haney, Kobs & Haney, Fort Worth, TX, for Martha Elsholtz.

Douglas D. Fletcher, Keith A. Robb, Lance E. Caughfield, Fletcher & Springer, Dallas, TX, for Taser International, Inc.

## ORDER DENYING MOTION TO REMAND

MEANS, District Judge.

Pending before the Court is Plaintiff's Motion to Remand [document number 9]. After careful consideration of the motion, the related briefs, and the applicable law, the Court concludes that the motion should be denied.

Plaintiff originally brought this suit in state court on June 22, 2004, against the City of Fort Worth ("the City"). Plaintiff asserted claims against the City under the Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. ¶ 101.021(2) (Vernon 2005). Specifically, Plaintiff complained that the City negligently maintained and used its "Taser" stun guns and failed to properly train its police officers in the use of the Taser, all of which allegedly resulted in the fatal shooting of Plaintiff's son when a police officer's Taser failed to deploy.

On November 30, Plaintiff added the manufacturer of the Taser stun gun, Taser International, Inc., ("TI") to the lawsuit, asserting a products-liability claim against TI. On December 10, the City filed a plea to the jurisdiction, contending that its actions against Plaintiff's son were intentional, and that it had not waived its sovereign immunity for intentional acts. A hearing was scheduled on the plea for January 20, 2005. That same day Plaintiff filed a motion for continuance of the hearing, which was granted. Plaintiff's motion contended that discovery was necessary prior to the hearing. Plaintiff subsequently filed two more motions to continue the hearing, con-

tending that additional discovery was necessary. After the third motion was granted, the hearing was reset for August 18. On July 25, Plaintiff filed a notice of non-suit as to her claims against the City, and an order of dismissal was issued as to the City on July 29. On August 1, Taser filed its notice of removal, urging that diversity jurisdiction existed between the remaining parties.

Plaintiff's motion to remand contends that removal was improper under 28 U.S.C. § 1446(b), which prohibits removal of a case founded upon diversity jurisdiction "more than 1 year after commencement of the action." Plaintiff contends that the action was commenced on June 22, 2004, the date she filed her original complaint, and was not removed until August 1, 2005, more than one year after its commencement.

Defendant does not dispute that it removed the case outside of the one-year period, but instead contends that the one-year period should be equitably tolled. The Fifth Circuit Court of Appeals has concluded that this one-year period is not jurisdictional but instead is subject to equitable exceptions. See Tedford v. Warner–Lambert Co., 327 F.3d 423, 426 (5th Cir. 2003). TI contends that it is entitled to the benefit of equitable tolling due to the fact that Plaintiff failed to nonsuit the City, the only non-diverse defendant, until after the one-year period passed. The Court agrees.

Plaintiff did not join TI in the lawsuit until over four months after initially filing suit. Thereafter, Plaintiff repeatedly pressed for continuances of the hearing on the City's plea to jurisdiction, contending that discovery was necessary to determine the plea.[1] Shortly before the fourth set-

---

1. Plaintiff contends that these continuances were necessary because of TI's "lack of cooperation ... during discovery." (Mot. at 5.) Plaintiff fails to present any proof of this contention, however, nor does she explain why discovery from TI was necessary to determine the City's plea.

ting of the hearing, and after the one-year deadline for removal passed, Plaintiff nonsuited the City, the only non-diverse defendant. TI immediately removed the action to this Court. The Court concludes that these facts warrant equitably tolling the one-year period to permit TI's removal. *See Shiver v. Sprintcom, Inc.*, 167 F.Supp.2d 962, 963 (S.D.Tex.2001) (refusing remand where defendant removed case outside of the one-year period when plaintiff nonsuited the only non-diverse defendant on the eve of trial), *cited in Tedford*, 327 F.3d at 426 n. 4.

It is, therefore, ORDERED that Plaintiff's Motion to Remand [document number 9] is hereby DENIED.