Alan KINABREW

v.

EMCO–WHEATON, INC., et al.

Civil Action No. 3:96–349.

United States District Court,
M.D. Louisiana,
Baton Rouge Division.

Aug. 27, 1996.

Kirby J. Guidry, Baton Rouge, LA, Joseph Jerry McKernan, John H. Smith, McKernan Law Firm, Baton Rouge, LA, for plaintiff, Alan Kinabrew.

Godfrey Bruce Parkerson, G. Benjamin Ward, Phelps Dunbar, New Orleans, LA, for defendant, Emco–Wheaton, Inc.

Robert B. McNeal, Greg Anthony Pellegrini, Frilot, Partridge, Kohnke & Clements, L.C., New Orleans, LA, for defendant, Exxon Corporation.

## REASONS FOR DENIAL OF MOTION TO REMAND

TUCKER L. MELANÇON, District Judge.

### Procedural Background

On May 1, 1996, the plaintiff filed a "Motion to Remand." This Court denied the "Motion to Remand" on July 11, 1996. During a scheduling conference held on July 19, 1996, the plaintiff informed this Court of its intent to appeal the denial of the "Motion to Remand." The Court instructed the parties that it would issue written reasons for denying the "Motion to Remand" after a "Notice of Appeal" was filed. The plaintiff was instructed to file a written memorandum setting out the particular reasons that necessitated the delay in service on the defendants. The plaintiff filed a "Notice of Appeal" on July 19, 1996. The plaintiff filed a memorandum of reasons on August 9, 1996. The defendants filed a response on August 19, 1996.

### Factual Background

On January 23, 1995, the plaintiff, Alan Kinabrew, filed suit in the 19th Judicial District Court for the Parish of East Baton Rouge, Louisiana. The plaintiff named

Emco–Wheaton, Inc. as defendant. On February 6, 1995, the plaintiff filed a Supplemental and Amending Petition naming Exxon Corporation as a defendant. On March 19, 1996, the defendant Exxon Corporation was served with the petition. The defendant Emco–Wheaton, Inc. was served with the petition on March 26, 1996. The service on both defendants occurred over one year after suit was filed. On April 15, 1996, the defendants jointly filed a "Notice of Removal" based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

Plaintiff seeks to remand the action under 28 U.S.C. § 1446(b) which prohibits the removal of a case based on diversity of citizenship jurisdiction more than one year after commencement of the action. The defendants concede that it filed for removal outside the allowed time under the statute, but assert that the limitation is procedural only, not jurisdictional, and therefore subject to equitable considerations. The defendants further argue that because of the plaintiff's deceptive action of withholding service, the court should estop the plaintiff from asserting the one year limitation and deny his "Motion to Remand."

## Discussion

■ Removal under the present circumstances is governed by the second paragraph of 28 U.S.C. § 1446(b), which provides:

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than one year after commencement of the action.

28 U.S.C. § 1446(b). The Fifth Circuit has held that this section is only a procedural provision, and is not jurisdictional. *Barnes v. Westinghouse Elec. Corp.*, 962 F.2d 513, 516 (5th Cir.1992). The section is modal and formal and may be waived. *Barnes*, 962 F.2d at 516. The Fifth Circuit has subsequently affirmed its holding that the word "procedural" in section 1447(c) refers to any defect that does not involve the inability of the federal district court to entertain the suit as a matter of its original jurisdiction. *Hopkins v. Dolphin Titan Int'l, Inc.*, 976 F.2d 924, 926 (5th Cir.1992).

■ Relying on the Fifth Circuit holding that the time limits contained in section 1446(b) are not jurisdictional, the issue of the applicability of equitable considerations is raised. Presently, there is a split in authority on this issue. Some courts have construed the language of section 1446 as an absolute bar to removal based on diversity jurisdiction attempted more than one year after the commencement of an action.[1] Other courts have used their equitable powers to permit removals based on diversity jurisdiction more than one year after the commencement of an action when the courts felt that a plaintiff manipulated the language of the statute and threatened the defendant's right to removal.[2]

---

1. See *Martine v. National Tea Co.*, 841 F.Supp. 1421, 1422 (M.D.La.1993) (It is for Congress and not this Court to rewrite the provisions of section 1446(b)); *Brock v. Syntex Laboratories, Inc.*, 791 F.Supp. 721, 722 (E.D.Tenn.1992) ("The plain language of the amendment provides that a case 'may not be removed ... more than one year after commencement'"); *Perez v. General Packer, Inc.*, 790 F.Supp. 1464, 1471 (C.D.Cal.1992) (Court won't rewrite the statute); *Royer v. Harris Well Serv., Inc.*, 741 F.Supp. 1247, 1248 (M.D.La. 1990) (It is for Congress to rewrite the statute); *Hom v. Service Merchandise Co.*, 727 F.Supp. 1343, 1345 (N.D.Cal.1990) (The statutory language is plain); *Rezendes v. Dow Corning Corp.*, 717 F.Supp. 1435, 1438 (E.D.Cal.1989) (The statutory language is plain).

2. See *Morrison v. National Benefit Life Ins. Co.*, 889 F.Supp. 945, 950 (S.D.Miss.1995) (Attempts to manipulate the forum mandates the application of equitable principles); *Zogbi v. Federated Dept. Store*, 767 F.Supp. 1037 (C.D.Cal.1991) (Remand denied because plaintiff never served the defendant); *Sheppard v. Wire Rope Corp.*, 777 F.Supp. 1285 (E.D.Va.1991) (Remand denied because plaintiff deliberately delayed the service of process); *Kite v. Richard Wolf Medical Instruments Corp.*, 761 F.Supp. 597, 600 (S.D.Ind. 1989) ("The Court is concerned that if it applies the rule in such a rigid manner it will be opening the door to potential abuse of the rule, the effect of which will be to undermine the very purpose behind federal diversity jurisdiction."); *Greer v. Skilcraft*, 704 F.Supp. 1570, 1583 (N.D.Ala.1989) (Failure to serve defendant for more than three

The Fifth Circuit has not addressed directly the waiver of the one year time limit of section 1446(b) in a case where plaintiffs have attempted to manipulate statutory rules for determining federal jurisdiction.

The specific instance of an attempt to manipulate the statutory rules that arises in this case is where the plaintiff intentionally delays service of process until one year after the commencement of the action. In Louisiana, an action is commenced by the filing of a pleading presenting a demand to a court of competent jurisdiction. La.Code Civ.P. art. 421. The plaintiff in the case at bar filed a petition for damages in state court on January 23, 1995, thus commencing the action for purposes of section 1446(b). However, the plaintiff waited until March 1996 to serve the defendants. The plaintiff suggested that the reason for a delay in service of thirteen months was to sufficiently investigate the claim. After giving the plaintiff the opportunity to further explain why a delay in service of thirteen months was necessary, the plaintiff withdrew the initial reason and instead suggested that the reason for the delay was that the plaintiff's medical condition had not stabilized which would have impacted the amount of damages sought. The plaintiff then stated that a reason for delaying service is not necessary nor required by existing law. This Court finds that the reasons set forth by the plaintiff for delaying service of process do not demonstrate good faith. By delaying service on the defendants for over a year, this Court finds that the plaintiff intended to prevent the defendants from exercising their right to removal.

█ Although this Court agrees with the analysis of the Court in *Martine v. National Tea Co.,* 841 F.Supp. 1421 (M.D.La.1993), cited by the plaintiff, on the procedural effect of the one year limitation, it respectfully does not agree, under the facts of the case at bar, that equitable considerations should not apply to prohibit flagrant forum manipulation. While the Fifth Circuit has not ruled directly on this issue, the Fifth Circuit has made clear that the district courts have some power to control impermissible forum manipulation where the defendant's failure to get

into federal court is a procedural problem caused by the acts of the plaintiff. *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir.1986). In *Brown,* although the court reversed the refusal by the district court to remand an action where a late-added defendant attempted an out of time removal, the court recognized the ability of equitable considerations to override the statutory time limitations. *Id.* The court stated that district courts should consider whether a plaintiff has attempted to manipulate the forum, and should guard against such manipulation by denying motions to remand where appropriate. *Id. See also Doe v. Kerwood,* 969 F.2d 165, 169 (5th Cir.1992).

More recently, in *Unida v. Levi Strauss & Co.,* 986 F.2d·970 (5th Cir.1993), the Fifth Circuit found that the plaintiff's attempt to dismiss federal claims and remand was an attempt to manipulate the forum in which the case was to be heard. Citing *Brown v. Southwestern Bell Telephone Co.,* 901 F.2d 1250, 1255 (5th Cir.1990), the Fifth Circuit held that the district court could have properly denied the motion to remand as representing an attempt to manipulate the forum. *Unida,* 986 F.2d at 975.

Based on·the Fifth Circuit's recognition of the district courts' power to control impermissible forum manipulation, this Court seeks to alleviate the abuses and inequities caused by the imposition of the one year limitation on removal where, as in the case at bar; the plaintiff attempts to manipulate the forum by withholding service on the defendants until more than one year after the suit was filed in state court. It is for the foregoing reasons that the plaintiff's "Motion to Remand" was denied.

█ Although the plaintiff has filed a Notice of Appeal of this Court's denial of his "Motion to Remand" (U.S.C.A. No. 96–30758), the denial of a motion to remand is not an appealable final decision nor is it an appealable interlocutory decision. *Carpenter v. Wichita Falls Independent School District,* 44 F.3d 362, 365 (5th Cir.1995). Nevertheless, because the district courts of this Circuit are split on this significant issue, this

years after filing complaint was an improper

attempt to manipulate the forum).

**354**

Court certifies the issue to the Fifth Circuit Court of Appeals pursuant to 28 U.S.C. § 1292(b).

### ORDER

IT IS ORDERED that this matter is certified for immediate appeal pursuant to 28 U.S.C. § 1292(b).