**Brenda GREENE, et al.**

v.

**MOBIL OIL CORPORATION, et al.**

**No. 1:99 CV 227.**

United States District Court,
E.D. Texas,
Beaumont Division.

Aug. 6, 1999.

Robert Carl Hilliard, Hilliard & Munoz, Corpus Christi, TX, Jon B. Burmeister, Moore, Landrey, Beaumont, TX, Dennis Reich, Reich & Binsctock, Houston, TX, Grover G Hankins, Houston, TX, for plaintiff.

David B. Gaultney, Morris C. Carrington, Mehaffy & Weber, Beaumont, TX, for defendant.

### MEMORANDUM

COBB, District Judge.

Brenda and George H. Greene, as representatives of the estate of Florence Greene, Deceased, brought a wrongful death/ survivor suit in the 60th District Court of Jefferson County, Texas, on October 10, 1997. Alleging the negligent release of toxic materials into the environment the suit named a number of defendants, most of whom have since been non-suited. The remaining defendants are Mobil Corporation, Mobil Oil Corporation, Mobil Oil Corporation–Beaumont Refinery, Mobil Chemical Corporation, and Neches River Treatment Corporation. All were served with process on April 9, 1998.

On February 17, 1999 Plaintiffs amended their petition to add more than 1,200 new Plaintiffs, seek certification as a class action, and add additional state law causes of action. Each defendant was notified of the amended petition in accordance with the Texas Rules of Civil Procedure. All defendants, with the exception of Neches River Treatment Corporation, answered the amended complaint on March 19, 1999. On that day Defendants also filed a motion to strike the portion of the amended com-

plaint adding plaintiffs to the suit. Neches River answered on April 5, 1999.

On March 30, 1999, the state court issued an order dismissing the last remaining Texas defendant, American Valve and Hydrant Manufacturing Corporation. Defendants filed their Notice of Removal on April 12, 1999, to this court. Plaintiffs have now moved to remand. Defendants oppose remand but argue in the alternative to sever and remand the original plaintiffs while retaining jurisdiction over the 1,260 new plaintiffs.

### The Greene Plaintiffs

Among the legion of plaintiffs now before the court, unique circumstances surround the original plaintiffs, Brenda and George Greene. They filed their lawsuit on October 10, 1997, seventeen months before the defendants' notice of removal. Their suit has now been pending over a year and a half and the current posture of the parties does not indicate a swift resolution. Federal Rule of Civil Procedure 20(b) permits a court to issue orders necessary to protect a party from delay and prejudice by the inclusion of parties to a suit where no claims lie between the initial party and the subsequent parties.

■ The pleadings make clear that none of the plaintiffs added in the amended complaint have a claim to the Greene's recovery or any cause of action against the Greenes. Plaintiffs are united only in their adversarial posture to the defendant—united against a common enemy, as it were. The Greene's cause of action may be severed and the court here finds that severance is in the interest of a timely resolution of the Greenes' claims.

Addressing the motion for remand with respect to the Greene plaintiffs, it is clear that there is no valid basis for federal jurisdiction. With respect to federal questions, the Fifth Circuit rule is that "Plaintiff is generally considered the master of his complaint." *Avitts v. Amoco Production Co.,* 53 F.3d 690 (5th Cir.1995). In a recent case reiterating this rule, the original complaint even stated that "[i]t is expected that the evidence will reflect that the damages caused by the Defendants are in violation of not only State law but also Federal law." *Id.* at 692. However, when subsequent amendments to the complaint abandoned any claim to federal causes of action, the Fifth Circuit concluded "it is ... plain that when both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction." *Id.* at 693.

■ It is clear in this case that plaintiffs intend to bring only claims arising under Texas law. Nowhere on the in the complaint are federal causes of actions asserted; to the contrary, in the motion to remand they are affirmatively disavowed.

Turning to diversity jurisdiction, 28 U.S.C. 1446(b) establishes deadlines for removing law suits to Federal court. Where the ground for removal is diversity, a case may not be removed if more than one year from time of filing has lapsed. 28 U.S.C. 1446(b). Seventeen months have lapsed since the Greenes filed suit. Neither law nor equity favor this suit being removed to federal courts at this stage.

### Plaintiffs Added in the Amended Complaint

Defendants assert that both federal question and diversity jurisdiction are implicated in the claims of the remaining defendants. As discussed above, neither plaintiffs' original nor amended complaint give rise to federal question jurisdiction. Whether diversity jurisdiction lies requires further analysis.

■ Upon initial review the one-year time limit for removal set forth in 1446(b) would superficially appear to negate diversity jurisdiction over the intervening plaintiffs. However, close analysis reveals both factual grounds and legal authority supporting federal jurisdiction in this case. Legal authority rests on a doctrine allowing equitable exceptions to the one year requirement of 1446(b). While this doctrine is not well settled, it is well devel-

oped in the district courts and firmly rooted in the jurisprudence of this circuit.

The Fifth Circuit holds that the deadlines articulated in 28 U.S.C. 1446(b) are procedural and not fatal to jurisdiction. "We previously have noted that '[t]he time limitation for removal is not jurisdictional; it is merely modal and formal and may be waived'" *Barnes v. Westinghouse Electric Corporation,* 962 F.2d 513 (5th Cir.1992). Although the Fifth Circuit has held only that the one year deadline may be waived, *Id.,* several district courts within the jurisdiction of the Fifth Circuit have held that it is also subject to equitable exceptions. *Ferguson v. Security Life of Denver Insurance Company,* 996 F.Supp. 597, 603 (N.D.Tex.1998); *Kinabrew v. Emco–Wheaton, Inc.,* 936 F.Supp. 351, 353 (E.D.La. 1996); *Morrison v. National Benefit Life Insurance Co.,* 889 F.Supp. 945, 950–51 (S.D.Miss.1995) (holding plaintiff equitably estopped from asserting deadline in light of bad faith forum manipulation).

A number of other district courts across the nation have also made equitable exceptions to the one year rule in 1446(b). *See Zogbi v. Federated Dept. Store,* 767 F.Supp. 1037 (C.D.Cal.1991) (denying remand for plaintiff's failure to serve the defendant); *Sheppard v. Wire Rope Corp.,* 777 F.Supp. 1285 (E.D.Va.1991) ("Congress did not intend plaintiffs, through gimmick and artful maneuvering used in connection with the one year bar to removal, to straight jacket or deprive nonresident defendants their legitimate entitlement to removal."); *Kite v. Richard Wolf Medical Instruments Corp.,* 761 F.Supp. 597, 600 (S.D.Ind.1989) ("The Court is concerned that if it applies the rule in such a rigid manner it will be opening the door to potential abuse of the rule, the effect of which will be to undermine the very purpose behind federal diversity jurisdiction.").

In *Ferguson v. Security Life of Denver Insurance Company,* 996 F.Supp. 597, (N.D.Tex.1998), the court conducted an extensive analysis of language, legislative history, and purpose of 28 U.S.C. 1446(b).

The court carefully examined the Fifth Circuit holding in *Barnes* and reasoned that the application of one type of equitable exception implies the availability of others. *Id.* at 603. Working from both the language of the statute and controlling Fifth Circuit precedent, the court concluded that the one-year limits was procedural and thus subject to equitable exceptions. *Id.*

In *Kinabrew v. Emco–Wheaton, Inc.,* 936 F.Supp. 351, 353 (E.D.La.1996) the court offered a similarly persuasive analysis focusing on Fifth Circuit jurisprudence concerning the power of district courts to control impermissible forum manipulation. *Id.* (Citing *Unida v. Levi Strauss & Co.,* 986 F.2d 970 (5th Cir.1993); *Doe v. Kerwood,* 969 F.2d 165, (5th Cir.1992); *Brown v. Demco, Inc.,* 792 F.2d 478 (5th Cir. 1986)). Synthesizing this doctrine with the holding in *Barnes,* the court held that equitable exceptions to 1446(b) are permissible where necessary to prevent improper forum manipulation.

The reasoning of these cases is persuasive, particularly where allowing an exception does not impair the purpose of the statute. The one year limit was fashioned as "a means of reducing the opportunity for removal after substantial progress has been made in state court.... Congressional concern is expressed that settlement with a diversity-destroying defendant on the eve of trial, for example, may permit removal by the other defendants, causing substantial delay and disruption." *New York Life Insurance Company v. Deshotel,* 142 F.3d 873 (5th Cir.1998) (quoting legislative history) (internal quotation omitted). Here, the additional plaintiffs have in effect instituted a new action, see, *Cliett v. Scott,* 233 F.2d 269, 271 (5th Cir.1956); *Johnson v. Heublein,* 982 F.Supp. 438 (S.D.Miss.1997), and would not be prejudiced by this court retaining jurisdiction.

The plaintiffs with whom we are presently concerned had no part of this action for the first sixteen months of it pendency. Because of the late entry of these plaintiffs

in this litigation there was no possibility for any progress to be made in the first year after filing. Indeed, the state court lacked even an opportunity to determine whether these plaintiffs were proper parties to the suit before defendants filed their notice of removal. These plaintiffs' claims have not advanced far enough to make delay or disruption an issue.

Defendants filed their notice of removal within 30 days of the creation of complete diversity and well within one year of date the additional plaintiffs entered the law suit. The court finds that a technical application of the one-year requirement to the additional plaintiffs would be inequitable.

### Conclusion

In the interest of preventing delay and prejudice to Brenda and George Greene in the timely adjudication of their dispute, their claims are hereby SEVERED and REMANDED to the court from whence they came. In the interest of equitable application of procedural rules, the court retains diversity jurisdiction over the 1260 plaintiffs added to the suit in the amended complaint of February 17, 1999. The motion to remand with respect to these plaintiffs is DENIED.