**Mary HILL, et al. Plaintiffs**

v.

**ASCENT ASSURANCE, INC., et al. Defendants**

**No. 401CV319DB.**

United States District Court, N.D. Mississippi, Greenville Division.

April 5, 2002.

Willie L. Bailey, Bailey & Griffin, Greenville, MS, Edward Blackmon, Jr., Blackmon & Blackmon, Canton, MS, Charles Victor McTeer, McTeer & Associates, Greenville, MS, Edgar Reeves Jones, Reeves Jones, Jackson, MS, for Plaintiffs.

Kathryn R. Gilchrist, Robert L. Gibbs, Brunini, Grantham, Grower & Hewes, Jackson, MS, Gerald Haggart Jacks, Jacks, Adams & Norquist, P.A., Cleveland, MS, Johnnie E. Walls, Jr., Walls Law Firm, Greenville, MS, Neville H. Boschert, Watkins Ludlam Winter & Stennis, P.A., Jackson, MS, L. Carl Hagwood, Campbell,

DeLong, Hagwood & Wade, Greenville, MS, for Defendants.

## OPINION GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND

DAVIDSON, Chief Judge.

Presently before the court is the Plaintiffs' motion to remand this matter to the Circuit Court of Humphreys County, Mississippi.[1] Upon due consideration, the court finds that the motion shall be granted in part and denied in part.

### A. Factual and Procedural Background

This case, although in a different and somewhat unique posture, is presently before this court after a second removal from state court. The original Plaintiff, Jerry Brown, filed this action on November 3, 1999, in the Circuit Court of Humphreys County, Mississippi, against Defendant Freedom Life Insurance Company of America. At that time, Freedom Life was incorporated in Mississippi. Plaintiff alleged that while he was covered by a "Heart Attack and Major Heart Surgery Insurance Policy" issued by Freedom Life, he suffered a heart attack. On or about February 19, 1999, Plaintiff had coronary artery bypass surgery performed and shortly thereafter submitted his claim for coverage to Freedom Life. In his Complaint, Plaintiff alleged various causes of action against Freedom Life, including breach of the insurance contract in wrongfully failing to pay benefits, negligence,

unjust enrichment, conversion, breach of the duty of good faith and fair dealing, and that Freedom Life's acts and/or omissions were grossly negligent and in reckless disregard for the contract rights of the Plaintiff.

On or about September 29, 2000, Freedom Life voluntarily dissolved its corporate existence within the state of Mississippi and reincorporated in Texas. On or about May 22, 2001, approximately 18 months after the original state court action was commenced, Plaintiff amended his Complaint to add (in addition to Freedom Life) as Defendants Ascent Assurance, Inc., Ascent Management, Inc., and Patrick Mitchell, in both his individual and official capacities. Ascent Assurance, Inc. is incorporated in Texas and is the parent corporation of Freedom Life, owning 100% of Freedom Life's stock.[2] Patrick Mitchell is the President and Chief Executive Officer of Freedom Life; the President and Chief Executive Officer of Ascent Management; and the Chief Executive Officer of Ascent Assurance.

On June 25, 2001, Defendants removed the action to this court asserting that at the time of the Amended Complaint, none of the Defendants were Mississippi residents or corporations, and therefore, diversity jurisdiction existed. Thereafter, the Plaintiff motioned the court to remand this matter to state court because the original Complaint was not removable as it named a non-diverse Defendant and that removal was time barred.

---

1. Also pending before the court are the following additional motions: (1) Defendant Freedom Life's motion to sever, which shall be granted; (2) Plaintiffs' motion to hold in abeyance the motion to dismiss the Second Amended Complaint, which shall be denied as moot; (3) Plaintiffs' motion to stay all remand related discovery, which shall be denied as moot; (4) Plaintiffs' motion to submit supplemental memorandum brief, which shall be

granted; and (5) Plaintiffs' motion for sanctions and fees pursuant to Rule 11, which shall be denied.

2. Ascent Assurance also owns 100% of the stock of Ascent Management. Ascent Management is also incorporated in Texas. Patrick Mitchell's domicile for diversity purposes is Texas.

Pursuant to this court's October 16, 2001 order, this case was remanded to state court based upon the statutory language that no diversity case may be removed more than one year after commencement of the lawsuit. *See* 28 U.S.C. § 1446(b). The court rejected the Defendants' arguments that the case should be removable since Freedom Life changed its place of incorporation subsequent to the Complaint, and was a Texas citizen for diversity purposes at the time of the Amended Complaint. This court stated the general rule that a change of citizenship occurring after the commencement of the action does not affect jurisdiction or the absence of it.[3]

On or about December 17, 2001, a Second Amended Complaint was filed in state court which added Plaintiffs Mary Hill and Deborah Driskill, individually and in her official capacity as executrix of the estate of Margaret Carroll. Hill is a resident of Lowndes County, Mississippi and Driskill is a resident of Alabama. These Plaintiffs also filed claims with Freedom Life under a Heart Attack and Major Heart Surgery Policy. It appears that the claims of all three plaintiffs have been paid as of this date, but the cause of action remains for the initial denial and/or delay of benefits.

Defendants paid Jerry Brown's claim on November 12, 1999. Mary Hill was admitted to a Hospital in Columbus, Mississippi, in January of 2000 after experiencing chest pains. Apparently, her treating physician opined that she experienced a "myocardial infarction" and she submitted her claim to Freedom Life in January of 2000. Defendants state that her claim was paid on June 23, 2000. Margaret Carroll died after triple coronary bypass surgery in Bir-

mingham, Alabama. Driskill, who is Carroll's daughter, submitted a claim form on behalf of the decedent, in July of 1998. Defendants assert that after examination of the medical records, Freedom Life ultimately paid the benefits to Driskill on July 16, 1999.

On or about December 31, 2001, the Defendants removed the case to federal court. The Plaintiffs filed this motion to remand on or about January 7, 2002, arguing, *inter alia*, that Defendants' removal is time barred based on the one-year limitation in 28 U.S.C. § 1446(b).

### B. Discussion
### I. General Principles

 The burden is on the defendant to prove federal jurisdiction exists over the state court suit. *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995). Due to the significant federalism concerns removal raises, courts should strictly construe the removal statute. *Carpenter*, 44 F.3d at 365–66 (citing *Merrell Dow Pharmaceuticals, Inc. v. Thompson*, 478 U.S. 804, 809, 106 S.Ct. 3229, 3233, 92 L.Ed.2d 650 (1986); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107, 61 S.Ct. 868, 872, 85 L.Ed. 1214 (1941)). Further, all doubts must be resolved in favor of remand. *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992).

### II. Effect of the State Court's Order

The parties make several arguments regarding whether the additional two plaintiffs were properly joined. The Defendants argue that Plaintiffs Hill and Driskill are not properly joined under Fed.R.Civ.P.

---

**3.** During the first motion to remand before this court, there was reference in the briefs to the fact that the Plaintiffs had filed or intended to file a motion in state court to add new party plaintiffs. However, since the motion

had not been ruled upon one way or another by the Circuit Court, it was not ripe for consideration. To be clear, the previous motion to remand dealt only with the claims of Plaintiff Jerry Brown.

20(a) because their claims did not arise "out of the same transaction, occurrence, or series of transactions or occurrences." The Defendants note that different agents sold the policies to the three individuals, and that in determining whether to pay the claims, Freedom Life had to evaluate the circumstances and medical records of each individual. The physicians and healthcare providers for each claimant were different. Decedent Mary Carroll and her executrix, Deborah Driskill, were both residents of Alabama while the other two Plaintiffs are residents of Mississippi. While it is not entirely clear to the court at this point, one of the Defendants has asserted that Alabama law will govern Driskill's claim. The Defendants have also filed a motion to sever the claims of Hill and Driskill.

The Plaintiffs argue that the Defendants are re-litigating issues that they presented to the state court. Plaintiffs argue that the law of the case doctrine applies to the Circuit Court's order. However, as discussed below, the court is of the opinion that the law of the case does not apply here. It appears that both parties briefed the issue of whether joinder was proper under Miss. R. Civ. P. 20. In Plaintiff's state court motion, it states "[m]ovants allege that defendants, in concert, engaged in an ongoing . . . practice of failing and/or refusing to make timely payment of claims arising under the aforementioned heart attack . . . policies." The Circuit Court granted Plaintiff's Motion for Joinder of New Plaintiff Parties on December 7, 2001. The Defendants seem to argue that allowing Hill and Driskill to become plaintiffs is not the same as ruling that joinder is proper under Rule 20. Fed.R.Civ.P. 20(a) states in part:

All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all these persons will arise in the action. . . .

The language is identical to Miss. R. Civ. P. 20(a).

Defendants argue that this court is not precluded from ruling on a motion to sever because of the Circuit Court's order that allowed joinder of the parties. Defendants cite *Nissho–Iwai American Corp. v. Kline,* 845 F.2d 1300, 1303 (5th Cir.1988), where the Fifth Circuit stated that after an interlocutory order has been entered in state court and the case is subsequently removed to federal court, the federal court accepts the case in its current posture as though everything done in state court had in fact been done in federal court. As such, the interlocutory state court order remains subject to reconsideration just as it had been prior to removal. *Nissho–Iwai,* 845 F.2d at 1303 (citations omitted). "Had the cause remained in the state court the power to reconsider would have been in that court, but when the removal was made the power passed with the cause to the district court." *Id.* The state court order becomes federalized insofar as federal, rather than state, procedure governs the manner of its enforcement as well as supplies any policy justification that might support its continuance. *Id.* (citing *Granny Goose Foods, Inc. v. Brotherhood of Teamsters,* 415 U.S. 423, 438–41, 94 S.Ct. 1113, 1123–25, 39 L.Ed.2d 435 (1974)).

Based on the foregoing, it appears that this court could reconsider the order allowing joinder. The court is of the opinion it need not decide whether joinder was technically proper, because whether joinder was proper under Rule 20 is a slightly different issue than whether the Defen-

dants have the right to remove the claims of the later added Plaintiffs.

### III. Timeliness of Removal

#### a. The Claims of Jerry Brown Shall be Remanded

■ As an initial matter, the court notes that the Fifth Circuit has stated "[i]t seems to be without question that a change of citizenship occurring after the commencement of the action would not affect jurisdiction or the absence of it." *Slaughter v. Toye Bros. Yellow Cab Co.*, 359 F.2d 954, 956 (5th Cir.1966). *See also Mas v. Perry*, 489 F.2d 1396, 1398 (5th Cir.1974) (holding that jurisdiction is not affected by subsequent changes in the citizenship of the parties). The general rule is that when diversity is the basis of jurisdiction, complete diversity must exist both at the time of filing the original action and at the time of removal. *OJB, Inc. v. Dowell*, 650 F.Supp. 42 (N.D.Tex.1986) (citing *Aynesworth v. Beech Aircraft Corp.*, 604 F.Supp. 630 (W.D.Tex.1985)); *see also Scott v. Communications Servs. Inc.*, 762 F.Supp. 147, 151 (S.D.Tex.1991) ("[a]lthough diversity is to be determined at removal by the pleadings, the pleadings must demonstrate that the parties were diverse at the time of commencement in state court"). The purpose of requiring the existence of diversity at both times apparently is to prevent a non-diverse defendant from acquiring new domicile after commencement of a state suit and then removing on the basis of the newly created diversity of citizenship. *See, e.g.*, 14A Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice & Procedure § 3723 at 314. When Jerry Brown commenced this action in state court on November 3, 1999, against Defendant Freedom Life Insurance Company, there was no diversity of citizenship because Freedom Life was incorporated in Mississippi. At no time throughout this action has Brown dis-

missed Freedom Life. Thus, the claims of Plaintiff Brown against Defendants shall be remanded.

#### b. Claims of the Newly Added Plaintiffs

Essentially, the central issues remaining in this case are (1) the appropriate date for determining the existence of diversity and (2) whether "commencement of the action" refers to the entire case in state court or the commencement of the two most recent plaintiffs. One of the Defendants stated their argument as: Plaintiff's filing his Second Amended Complaint (which added the new Plaintiffs) constituted the commencement of the action or a new action, especially as to Mary Hill and Deborah Driskill. Stated slightly differently by another Defendant, the actions of Mary Hill and Deborah Driskill were commenced on December 17, 2001. There is no doubt that had all three Plaintiffs filed separate actions in state court(s), the cases of Plaintiffs Hill and Driskill would be removable as complete diversity existed then (December of 2001). Of course, that is not the procedural posture of the present case.

As to the Defendants' arguments that the action was not commenced as far as the two new Plaintiffs until the Second Amended Complaint was filed in state court, this is a more difficult question. Section 1446(b) states in pertinent part:

> (b) The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on

the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, *except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.*

28 U.S.C. § 1446(b) (1988). (emphasis added).

In determining the meaning of a statute, the court must look not only to the particular statutory language, but also to the statute as a whole, including its design, object and policy. *New York Life Ins. Co. v. Deshotel et al.,* 142 F.3d 873, 885 (5th Cir.1998) (citations omitted). The meaning of statutory language, plain or not, depends on its context. *Deshotel,* 142 F.3d at 886.

One Defendant focuses on the language in the first paragraph that states "within thirty days after the receipt by the defendant, . . . of a copy of the initial pleading setting forth the claim for relief." Thus, Defendant argues, the Second Amended Complaint constitutes the "initial pleading" as to these new Plaintiffs. Another Defendant focuses on the word in the second paragraph "commencement." Defendant Freedom Life voluntarily dissolved its corporate existence within the state of Mississippi on or about September 29, 2000, and reincorporated in Texas. Plaintiffs Hill and Driskill commenced their causes of action on December 17, 2001, when the Second Amended Complaint was filed in state court.

Defendants argue in the alternative that even if the second paragraph governs this case and the one year limit is applicable, the one-year limitation on removal in diversity cases is not absolute; but merely procedural and subject to equitable exceptions. The Fifth Circuit has stated that the "time limitation for removal is not jurisdictional; it is merely 'modal and formal and may be waived.'" *Barnes v. Westinghouse Electric Corp.,* 962 F.2d 513, 516 (5th Cir.1992) (citing *Nolan v. Boeing Co.,* 919 F.2d 1058, 1063 n. 6 (5th Cir. 1990)). In *Barnes* the defendant removed a case to federal court after it had been pending in state court for over four years. Plaintiff Barnes promptly moved to remand the action to state court, but apparently did not rely on the one-year limitation in the statute. Approximately twenty months later, Barnes filed a motion for rehearing where he argued for the first time that a case cannot be removed to federal court on the basis of diversity more than one year after commencement of the action. The Fifth Circuit held that plaintiff waived his opportunity to call this procedural defect to the court's attention. *Barnes,* 962 F.2d at 516. While the court focused on the plaintiff's waiving his right to have a case remanded to state court, the case shows that at least under some circumstances, a case may be removed after it has been pending for more than one year.

In the present case there is no argument that Plaintiffs waived their right to remand by delay. Defendants argue the Plaintiffs are attempting to manipulate the rules on joinder and remand to have Freedom Life considered a non-diverse Defendant and that Plaintiffs have wrongfully joined their separate claims solely in a distorted attempt to prevent removal. Defendants assert that the one-year limitation on removal in diversity cases is not absolute; but merely procedural and sub-

ject to equitable exceptions. Plaintiffs argue that the one year limitation is an absolute bar that requires remand of the entire case. Another district court within this circuit noted that this "precise issue has not been addressed by the Fifth Circuit." *Ferguson v. Security Life of Denver Ins. Co.,* 996 F.Supp. 597, 600 (N.D.Tex.1998). The court in *Ferguson* noted that some district courts have construed the statute as an absolute bar to the removal of any diversity case after one year. *Ferguson,* 996 F.Supp. at 600 (citations omitted). Other district courts have found the limitation to be merely procedural and subject to equitable exceptions. *See Shiver v. Sprintcom, Inc.,* 167 F.Supp.2d 962 (S.D.Tex.2001); *Winningkoff v. American Cyanamid,* No. 99–3077, 2000 WL 235648 (E.D.La. Mar. 1, 2000); *Morrison v. National Benefit Life Ins. Co.,* 889 F.Supp. 945 (S.D.Miss.1995). The court in *Ferguson* concluded that "there does not appear to be a prevailing view." *Ferguson,* 996 F.Supp. at 600–01.

Plaintiffs cite *Rodriguez v. ACandS, Inc.,* No. 01–0586, 2001 WL 333101 (E.D.La. Apr. 4, 2001), for support. In *Rodriguez,* the plaintiff filed suit in state court in Louisiana in November of 1999. In February of 2001, the plaintiffs voluntarily dismissed the final non-diverse defendant. In March of 2001, the Defendants (who were all diverse then) removed the case to federal court. The court concluded that removal was barred by the one year limitation in section 1446(b). The court stated:

Section 1446(b) does not contain a provision allowing for a new party or claim to reset the one-year time period. Nor does the statutory language indicate that the one-year time period is party or claim specific. *See Sasser v. Ford Motor Co.,* 126 F.Supp.2d 1333, 1336 (M.D.Ala. Jan. 12, 2001) (granting a motion to remand under § 1446(b) for un-

timely removal based on the one-year limit, holding that, for purposes of removal statute, "commencement of the action" refers to commencement of the action as originally filed, not when a party or claim is added); *see also Lytle v. Lytle,* 982 F.Supp. 671, 674 (E.D.Mo. 1997) (holding failure to remove within one year of commencement of action required remand despite the addition of defendant by amended complaint); *Price v. Messer,* 872 F.Supp. 317, 320–21 (S.D.W.Va.1995) (same). The Court finds that the statutory language is clear, and its plain meaning requires remand.

While this language appears persuasive at first glance, none of these cases involve the addition of plaintiffs after an action had been in state court for more than one year. Furthermore, all the examples this court found relating to the one-year limitation dealt with dismissing a non-diverse defendant or later amending the complaint to seek damages over the jurisdictional amount. In *Ferguson,* the court discussed the history of the statute.

Section 1446(b) was amended by the Judicial Improvements and Access to Justice Act of 1988 to create a one-year limitation on removal in diversity cases. H.R. No. 100–889, 100th Cong., 2d Sess., reprinted in 1988 U.S.C.C.A.N. 5982.... Not surprisingly, the discussion of this amendment was relatively abbreviated:

Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court. The result is a modest curtailment in access to diversity jurisdiction. The amendment addresses problems that arise from a change of

parties as an action progresses toward trial in state court. The *elimination of parties* may create for the first time a party alignment that supports diversity jurisdiction. Under section 1446(b), removal is possible whenever this event occurs, so long as the change of parties was voluntary as to the plaintiff. *Settlement with a diversity-destroying defendant* on the eve of trial, for example, may permit the remaining defendants to remove. Removal late in the proceedings may result in substantial delay and disruption.

*Ferguson,* 996 F.Supp. at 601 (citing H.R. No. 889–100 at 72, 1988 U.S.C.C.A.N. at 6032–33) (emphasis added).

Because the only non-diverse Defendant (Freedom Life) changed its residence before the additional plaintiffs filed a complaint, the facts before the court are unique. In the only cases the court could find where new plaintiffs were added after the original complaint had been in state court for over one year, the federal courts severed the claims and allowed removal.

In *Greene v. Mobil Oil Corp.*, 66 F.Supp.2d 822 (E.D.Tex.1999), the original plaintiffs, the Greenes, brought a wrongful death suit in Texas state court in October of 1997. The suit named several defendants and alleged the negligent release of toxic materials into the environment. In February of 1999, Plaintiffs amended their complaint to seek certification as a class action and add more than 1,200 new plaintiffs. On March 30, 1999, the sate court issued an order dismissing the last remaining Texas defendant. Defendants thereafter filed a notice of removal.

The court remanded the claims of the Greene plaintiffs, stating there was no valid basis for federal jurisdiction. *Greene,* 66 F.Supp.2d at 823. The court noted that several district courts within the Fifth Cir-

cuit have held that the one year limitation is subject to equitable exceptions. *Id.* at 824. The court stated that the plaintiffs at issue had no part of the action for the first sixteen months of its pendency. *Id.* Because of the late entry of these plaintiffs in the litigation there was no possibility for any progress to be made in the first year after filing. *Id.* at 825. In the interest of preventing delay to the original plaintiffs, the court severed the claims of the Greenes and remanded them to state court while retaining jurisdiction over the new plaintiffs. *Id.*

In *Barnett v. Sylacauga Autoplex*, 973 F.Supp. 1358, 1360 (N.D.Ala.1997), the plaintiff commenced the action in state court on her behalf and on behalf of a putative class of individuals who entered into retail installment agreements with the defendant. In April of 1997, the plaintiff amended her complaint to expand the class to include any individual who had financed the purchase of a vehicle through Chrysler Credit Corporation. *Barnett,* 973 F.Supp. at 1360–61. The court stated "for a party added in a suit by a later amended complaint, commencement of the action as among the new party and the original parties may come at the time the complaint is amended." *Id.* at 1363. The court ultimately retained jurisdiction of the claims of the diverse parties. *Id.* at 1368–70.

Finally, as both parties are aware, this court has previously stated that "the statutory language is unambiguous in providing that no diversity case may be removed more than one year after commencement of the lawsuit." *Jenkins v. Sandoz Pharmaceuticals Corp.*, 965 F.Supp. 861, 869 (N.D.Miss.1997). One of the difficult questions in this case is when to measure the date of commencement. In *Jenkins,* the Defendants argued that plaintiff demonstrated bad faith by delaying dismissal of the two local defendants until more than

one year after filing the complaint. Thus, there was substantial progress in state court before removal. The facts of *Jenkins* are simply different. The court is of the opinion that dismissing a defendant, unlike adding new plaintiffs, is fundamentally different in that the former does not affect when a cause of action commences, and the latter does.

In the present case, Plaintiffs Driskill and Hill were not involved in the present case for the first eighteen months the suit was pending in state court. Thus, there has not been an opportunity for them to make "substantial progress" in state court. Plaintiffs have repeatedly mentioned the need for an expedited ruling on this matter so that they will not miss their trial date in state court. The Plaintiffs have also moved to stay discovery in this matter until the proper court is determined. It appears that the Defendants have had the opportunity for some discovery, but have not taken the deposition of one of the new Plaintiffs and wish to do so.

For the above mentioned reasons, the court is of the opinion that the claims of Plaintiff Driskill and Hill were properly removed, as complete diversity existed when they commenced their cases. In the event that the one-year limit is in fact applicable to this case, under these unique circumstances, the court declines to apply the one-year rule in a rigid mechanical manner.

### C. Conclusion

In sum, in the interest of preventing delay to Jerry Brown in the timely adjudication of his dispute, Brown's claims shall be severed and remanded to state court for ultimate resolution. At the time Brown filed his Complaint Defendant Freedom Life's citizenship was not diverse from Brown's. As such, diversity of citizenship necessary to maintain federal jurisdiction over Brown's case is absent and his case shall be remanded to the Circuit Court of Humphreys County. The court shall grant Defendants' motion to sever the claims of Driskill and Hill and the court retains jurisdiction over those because when those Plaintiffs commenced their actions, complete diversity was present.

A separate order in accordance with this opinion shall issue this day.

### ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO REMAND

Pursuant to an opinion issued this day, it is hereby ORDERED that

(1) the Plaintiffs' motion to remand (docket entry 15) is GRANTED IN PART and DENIED IN PART;

(2) the motion shall be GRANTED as to Plaintiff Jerry Brown's claims and his cause is hereby REMANDED to the Circuit Court of Humphreys County, Mississippi;

(3) the motion shall be DENIED as to Plaintiffs Mary Hill and Deborah Driskill and the court retains jurisdiction over their claims.

(4) the Defendants' motion to sever the claims of Plaintiff Brown from the claims of Plaintiffs Hill and Driskill (docket entry 24) is GRANTED;

(5) the Plaintiffs' motion to hold in abeyance the motion to dismiss the Second Amended Complaint (docket entry 43) is DENIED as moot;

(6) the Plaintiffs' motion to stay all remand related discovery (docket entry 44) is DENIED as moot;

(7) the Plaintiffs' motion to submit supplemental memorandum brief (docket entry 46) is GRANTED; and

(8) the Plaintiffs' request for sanctions and fees pursuant to Rule 11 is DE-NIED.