Eula Guidry **ARDOIN**, et al.,

v.

**STINE LUMBER COMPANY**, et al.

**No. 02 CV 2502.**

United States District Court,
W.D. Louisiana,
Lake Charles Division.

Aug. 28, 2003.

Hugh E. McNeely, Eulis Simien, Jr., Jimmy Simien, Simien & Simien, Baton Rouge, LA, Jack C. Watson, Lake Charles, LA, Luther F. Cole, Justice, Baton Rouge, LA, James Michael Messer, Levin Papantonio et al., Pensacola, FL, Mark A. Delphin, Lake Charles, LA, Richard Lewis, James Pizzirusso, Cohen Milstein et al., Washington, DC, for plaintiff.

Charles B. Bice, Winnfield, LA, James R. Nieset, Plauche' Smith & Nieset, Charles, LA, Thomas J. Solari, Woodley Williams et al., Lake Charles, LA, Scott E. Delacroix, Jeffrey E. Richardson, Ann Redlich Koppel, Adams & Reese, New Orleans, LA, Thomas M. Bergstedt, Brian Wade Arabie, Bergstedt & Mount, Lake Charles, LA, Robert L. Shuftan, David A. Kanter, Brent R. Austin, Anne Kimball, Anthony Hopp, Michael Blankshain, Leo Dombrowski, Lucy Lisiecki, Barry Blonien, Rebecca Alfert, Wildman Harrold et al., Chicago, IL, for defendant.

## ORDER DENYING REMAND, CERTIFYING QUESTION OF LAW FOR 28 U.S.C. § 1292(b) INTERLOCUTORY APPEAL AND STAY OF PROCEEDINGS PENDING APPEAL

MINALDI, District Judge.

Oral argument was heard in this matter on August 25, 2003 on Plaintiffs' objections to the Magistrate Judge's Report and Recommendation (Doc. 129) wherein it was recommended that Plaintiffs' motion to remand be denied. After considering the argument of the parties and for the reasons stated at the conclusion of the hearing, Plaintiffs' motion for remand is hereby denied.

Further, after the court made its ruling in open court, Plaintiffs made an oral motion to have this court certify the issue of remand for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). This court initially denied Plaintiffs' motion, but upon further consideration now grants Plaintiffs' motion with the following certification:

This Court denied Plaintiffs' motion for remand based upon the doctrine of equita-

ble exception of the one-year rule of 28 U.S.C. § 1446(b) as announced in *Tedford v. Warner–Lambert,* 327 F.3d 423 (5th Cir. 2003), however, this court also recognizes and is of the opinion that the denial of remand based on an interpretation of *Tedford* involves a controlling question of law as to which there is substantial ground for differences of opinion and that an immediate appeal from the order denying remand may materially advance the ultimate termination of the litigation.

Further, this Court on its own motion hereby stays these proceedings pending the outcome of Plaintiffs' application for permissive appeal and disposition by the Fifth Circuit Court of Appeal.

### REPORT AND RECOMMENDATION

Before the court is plaintiffs' Motion to Remand [doc. # 36].[1]

This is the second time that this matter has been removed to this court. The first time, we found that there was no subject matter jurisdiction, and remanded the case to state court. *See, Ardoin v. Stine Lumber, Co., et al.,* Civil Action Number 2:01cv02610 (W.D. La. 2/15/02 Report & Recommendation; 3/6/02 Judgment of Remand). Now, approximately nine months after the first remand, and over fourteen

months after suit was initially filed, the case is again in federal court. This time, however, it is uncontroverted that all plaintiffs are completely diverse from all remaining defendants. (*See,* Notice of Removal [doc. # 11]). Accordingly, we have federal subject matter jurisdiction, via diversity. 28 U.S.C. § 1332.

Nevertheless, plaintiffs contend that 28 U.S.C. § 1446(b) bars the instant removal because the action was commenced in state court more than one year prior to removal.[2] In response, defendants argue that: 1) § 1446(b) is inapplicable because the case was removed less than one year since new plaintiffs were added to the suit; and 2) § 1446(b) is subject to equitable exceptions. Finding potential merit to defendants' second argument, we delayed consideration of the motion to remand to permit defendants an opportunity to conduct limited discovery to support their allegations. (*See,* January 10, 2003, Order). The matter is now before the court.

### Analysis

■■■ Federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.,* 243 F.3d 912, 916 (5th Cir.), *cert. denied,* 534 U.S. 993, 122 S.Ct. 459, 151 L.Ed.2d 377, (2001). Moreover, removal statutes are to be strictly construed

---

1. The motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).

2. Section 1446(b) provides that,

The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.
28 U.S.C. § 1446(b).
The motion to remand was filed within 30 days of removal. *See,* 28 U.S.C. § 1447(c) and *Barnes v. Westinghouse Electric Corp.,* 962 F.2d 513 (5th Cir.1992).

against removal. *Brown v. Demco, Inc.,* 792 F.2d 478, 482 (5th Cir.1986). Nevertheless, federal courts have a "virtually unflagging obligation" to exercise the jurisdiction given them. *Colorado River Water Conservation Dist. v. U.S.,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483 (1976).

*Commencement of the Action*

■ Defendants first contend that an action "commences" for purposes of section 1446(b) whenever a new plaintiff is added to a suit. We disagree. The Fifth Circuit has stated that the second paragraph of § 1446(b) addresses cases which become removable sometime after the "initial commencement" of the action. *Badon v. RJR Nabisco, Inc.,* 224 F.3d 382, 389 (5th Cir.2000)(quoting, *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1316 (9th Cir. 1998)). "Initial" is redundant in that phrase, unless it refers to the initial filing of the suit by the initial plaintiff.

The Fifth Circuit has also noted that ". . . the second paragraph [of § 1446(b)] applies to those *cases* which are not removable *originally* but become removable at a later time . . ." *Johnson v. Heublein, Inc.,* 227 F.3d 236, 241 (5th Cir.2000)(emphasis added). Accordingly, it is the length of time that a *case* has been pending that is relevant, not the elapsed time since a plaintiff was added to the case. We also emphasize that a new suit was not opened when the new plaintiffs were add-

ed; they simply retained the same civil action number as the initial plaintiff. In short, the addition of new plaintiffs did not commence the action.[3]

*Exception to § 1446(b)'s One Year Limit*

Defendants' second argument in support of removal jurisdiction gives us more pause. The district courts of this circuit were hopelessly split on the issue of whether § 1446(b)'s one year time limit on removal is subject to equitable exceptions. *See e.g., Morrison v. National Benefit Life Insurance Co.,* 889 F.Supp. 945 (S.D.Miss. 1995); *Jenkins v. Sandoz Pharmaceuticals Corp.,* 965 F.Supp. 861 (N.D.Miss.,1997). This issue has now been resolved by the Fifth Circuit in *Tedford v. Warner–Lambert Co.,* 327 F.3d 423 (5th Cir.2003). The defendants in *Tedford* had removed the case more than one year after the commencement of the action. The district court nevertheless denied a motion to remand after concluding that plaintiff had engaged in forum manipulation. The Fifth Circuit affirmed stating: "Where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." Thus, the issues presented here are: 1) did plaintiffs attempt to manipulate the statutory rules for determining federal removal jurisdiction; and 2) if so, does equity require that the one-year limit in § 1446(b) be extended?[4]

---

**3.** We respectfully disagree with other district courts that have reached a contrary result. *See, e.g., Hill v. Ascent Assurance, Inc.,* 205 F.Supp.2d 606 (N.D.Miss.2002). In *Hill,* the district court severed the initial plaintiff's claims and remanded them to state court. *Id.* We do not believe that judicial efficiency would be best served by severing the instant complaint. To resolve this concern, defendants suggest that we exercise supplemental jurisdiction, 28 U.S.C. § 1367, over the initial plaintiffs' claims. However, § 1367 address-

es subject matter jurisdiction, not removal jurisdiction.

**4.** Plaintiffs here have argued that the *"intent* of the plaintiffs in naming and then dismissing the named non-diverse defendant is not relevant so long as there were valid claims against those defendants . . ." This argument was specifically rejected in *Tedford.* See note 13.

The instant case is closely related to *Miller v. Home Depot*, 199 F.Supp.2d 502 (W.D.La.2001), which was initiated in the 14th Judicial District Court on April 5, 2001. Counsel for plaintiffs were the same as here. *Miller*, as is the present case, was a putative nationwide class action seeking damages stemming from the purchase and use of CCA-treated wood products. Many of the same defendants are present in both cases. The *Miller* suit included a number of Louisiana companies which were non-diverse with respect to the Louisiana plaintiff. Less that a week after filing the original petition in *Miller* an amended petition was filed in order to add two additional class representatives. One of the plaintiffs, a relative of counsel, was domiciled in Georgia, the domicile of at least one defendant. The same day a second amending petition was filed to specifically disavow any claim based on federal law. It is clear that the purpose of these amendments was to erect additional barriers to removal to federal court. Despite these efforts the case was removed to this court in May, 2001.

The notice of removal in the *Miller* case alleged that the Louisiana defendants, and the claims of the Georgia plaintiff were fraudulently joined so that there was diversity jurisdiction. Plaintiffs filed a motion to remand on May 21, 2001. They attempted to amend their complaint in July, 2001, as a matter of right in an effort to add additional defendants that would destroy diversity. One week later plaintiffs sought leave to amend to add additional defendants that would destroy diversity.

Ultimately, this court concluded that all Louisiana defendants were fraudulently joined, and that all claims of the Georgia plaintiff[5] were fraudulently joined. *Miller v. Home Depot, U.S.A., Inc.*, 199 F.Supp.2d 502 (W.D.La.2001). This court also concluded that the primary purpose for the proposed amendment of the pleadings was to defeat the court's jurisdiction, and the amendment was refused. *Id.*

This defeat did not dampen counsel's efforts to avoid federal court. First, they essentially defaulted on their request for class certification resulting in the denial of certification.[6] Then they made an unsuccessful bid to remand based on an alleged lack of the required amount in controversy. When plaintiffs were unsuccessful in having the first suit remanded, they filed a second lawsuit in state court, *Deville v. Stine Lumber Company, et al.*, Docket Number 2001–004805, Division E. However, plaintiffs were apparently not pleased with the judge assigned to hear *Deville*, and instead filed the instant, third case in state court.[7] Ultimately, plaintiffs simply abandoned the *Miller* litigation, and it was dismissed. In summary, in *Miller*, plain-

---

5. The Georgia plaintiff, counsel's brother-in-law, predicated his claims on the alleged purchase of CCA wood from Home Depot in 1995 or early 1996. This assertion was made under oath in a affidavit, in answers to interrogatories, and in his deposition. When it was later established that the store at issue was not even built until 1998, counsel submitted another affidavit wherein the plaintiff claimed that he was not sure when or where he purchased the wood, but that he would routinely purchase such products from Home Depot.

6. Counsel moved to withdraw the motion for certification stating that they wished to pursue claims against Louisiana retailers and manufacturers in state court. This court had noted that it was at best unclear, given that plaintiffs were purportedly representatives of a nationwide class, why (aside from the effect on federal jurisdiction) it was crucial to add Louisiana entities to the litigation.

7. In both the *Deville* case and the *Ardoin* case the petition initially omitted class allegations. Those were added after it was known which judge was assigned to the case.

tiffs employed every known tactic and artifice to secure remand to state court. *Miller v. Home Depot., U.S.A., supra.*[8]

To prevent removal of this matter in its most recent version, plaintiffs included several non-diverse retailers and wood treaters as defendants. These included Stine Lumber, Griffith Lumber Company, Inc. and L.L. Brewerton Lumber. A later amendment added the son-in-law of plaintiffs' counsel as a class representative as well as adding, Elder Wood Preserving Company and Louisiana Pacific Corporation. Later, Paul Fountaine, a Louisiana resident, was added as a class representative. It was alleged that he had purchased wood treated with preservative from each formulator defendant. It was also alleged that Mr. Fountaine had purchased wood from one of the non-diverse defendants-Stine Lumber. He later admitted that he had not made such a purchase.[9]

Once one year had elapsed, plaintiffs began to dismiss defendants. Their counsel began making unsolicited offers of dismissal in mid to late October. On November 1, 2002, plaintiffs filed a motion to dismiss the wood treater-defendants (both diverse and non-diverse) representing that "[n]one of these defendants are essential for a full recovery to the plaintiffs or the class." The motion was granted on December 2, 2002. Plaintiffs next filed a motion to dismiss the non-diverse retailers, which was granted on December 5, 2002. At that point, all parties were completely diverse, and the remaining defendants immediately removed the case to federal court.[10]

Plaintiffs contend that the timing of the dismissal of non-diverse parties had nothing to do with avoiding removal of the case to federal court. They claim that "once discovery and other investigation revealed most treaters were small entities that numbered in the hundreds, and the class could be protected through claims against the formulators..." they made the strategic decision to dismiss these, and other, defendants in order to make the putative class action more manageable.[11] However, it appears that the facts allegedly supporting the decision to dismiss were known well before the one-year time limit of § 1446(b). In fact, counsel conceded that counsel knew that "the treaters were small entities that numbered in the hundreds" prior to filing this action in state court.[12] Significantly, the state court had established a deadline of July 26, 2002, for amending the pleadings.[13] Presumably counsel considered the advisability of dropping parties prior to that deadline. In early September, counsel represented to the state court that the putative class action was manageable as it stood.

Plaintiffs also contend that the dismissals were motivated, in part, by a desire to obtain "beneficial evidence of commonality and typicality" that "plaintiffs had not yet been able to obtain from any of the defen-

---

**8.** In more than one instance, we found that the primary motivation behind plaintiffs' actions was to defeat diversity jurisdiction. *Miller, supra.*

**9.** Fountaine Depos. P. 169.

**10.** The case was removed to federal court on December 5, 2002.

**11.** Reply Brief in Support of Remand, pp. 5–6.

**12.** 4/16/03 Hearing Transcript, p. 9–10, 14–15. In a supplemental response to Interrogatory 13, plaintiffs contend that they knew the treaters numbered in the hundreds in 2001, but did not learn that most were "small entities" until sometime in 2002.

**13.** Case Management Order No. 1.

dants."[14] This position is not borne out by the evidence. Plaintiffs have not demonstrated that there was any significant problem in obtaining this evidence without dismissal. Affidavits of counsel for the dismissed parties suggests that all the information obtained in connection with the dismissals was discoverable, and readily obtainable through other means. Further, this position offers no explanation for the timing of the dismissals.

This is a putative nationwide class action. Plaintiffs seek to represent claimants all over the United States. In *Miller*, this court noted that there appeared to be no good reason for including the non-diverse defendants other than to defeat diversity jurisdiction. Plaintiffs have still not shown good reason for initially including the non-diverse defendants in this litigation. In fact, plaintiffs now take the position that their presence created a impediment to the efficient management of the class action.[15] They make a substantial effort to show that there was good reason the dismissed defendants should not be included in the action-a point that does not appear to be contested. The obvious reason for *including* Louisiana defendants was to defeat federal court jurisdiction. The circumstances strongly suggest that the reasons proffered by plaintiffs for the timing of the dismissals were simply a pretext to cover their efforts to prevent removal.[16]

The totality of the facts and circumstances leads this court to conclude, more probably than not, that plaintiffs included the non-diverse defendants in this litigation primarily to destroy diversity jurisdiction, and that they deliberately left them in the suit until the one-year limit of § 1446(b) had passed in an effort to prevent removal. Thus, this court concludes that plaintiffs attempted to manipulate the statutory rules for determining federal removal jurisdiction. We next turn to the issue of whether equity requires that the one-year limit in § 1446(b) be extended.

■ Section 1446(b)'s one year limitation on removal was enacted to prevent removal of a case wherein substantial progress had been made in state court. *New York Life Insurance Co. v. Deshotel*, 142 F.3d 873, 885 (5th Cir.1998). Here, discovery has been proceeding apace in the state court (and here following removal), and numerous discovery rulings have been issued. Yet, merit discovery has not commenced, the case has not been set for trial, and the class certification hearing has not been held. Any discovery that has been conducted thus far, would be transferrable here. In sum, the congressional concerns behind the one year limitation are not at

14. Reply in Support of Motion for Expedited Ruling on Remand, p. 6.

15. In the Motion to Dismiss Stine Lumber Company and Griffith Lumber Co. counsel argued that these Louisiana retailers were not necessary to full recovery by the putative class due to the fact that privity is not required under Louisiana law. They further represented that "the class benefits from the streamlining of this case." In the motion to dismiss the "treater" defendants counsel represented: "As a result of the limited discovery that has occurred to date, it is now clear that dismissal of these defendants will streamline this litigation—particularly for class certification—and will not cause prejudice to any party or the class since full recovery can be obtained from the remaining defendants."

16. Plaintiffs contend that the fact that both diverse and non-diverse defendants were dismissed after the one-year time limit belies any contention that the dismissals were timed to avoid removal to federal court. This court does not find this fact persuasive. The inclusion of the diverse defendant could easily be an added level of sophistication to their efforts to avoid removal; designed to camouflage plaintiffs' true intent-the avoidance of removal.

issue here. On the other hand, plaintiffs' efforts to avoid removal to federal court, if successful, would undermine the purpose of diversity jurisdiction.

Defendants' diligence in seeking to litigate this matter has not, and could not reasonably be, challenged. Plaintiffs argue that defendants' unclean hands preclude an equitable extension of § 1446(b)'s one-year limit.[17] The argument is at best unconvincing. For example, plaintiffs apparently contend, in part, that defendants have unclean hands because they did not object to the dismissal of the non-diverse defendants in state court. Frankly, this court finds no rational basis to support the conclusion that defendants had an obligation to object to plaintiffs efforts to dismiss certain parties, particularly when defendants, in fact, had no objection to the dismissals.

■ Plaintiffs also contend that defendants bear unclean hands because they failed to specifically notify the state court of their intent to exercise their right to remove the case to federal court. As authority for this argument plaintiffs state that there is a requirement of the Louisiana Rules of Professional Responsibility imposing an obligation on attorneys to "inform the judge of all relevant facts before the court. . . ." What is not explained is why the defendants' intent to exercise their right to remove an action to federal court would be material to the issues before the state trial judge. It. cannot be seriously contended that the state trial judge would have altered his decision relative to the dismissal in an effort to prevent removal.

■ Finally, plaintiffs contend that "judicial estoppel prevents defendants from arguing that [the] dismissals were improper." They base this contention on the fact

that defendants did not object to the dismissal of the non-diverse parties. This court concludes that defendants had no obligation to object, and that their failure to object does not bar removal of this action.

■ Considering all of the circumstances this court concludes that equity dictates that the one-year time limit of § 1446(b) should be extended in this case so as to allow removal. Accordingly, it is recommended that the motion to remand be denied.

Under the provisions of 28 U.S.C. § 636(b)(1)(C), the parties have ten (10) business days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY FROM ATTACKING ON APPEAL, EXCEPT UPON GROUNDS OF PLAIN ERROR, THE UNOBJECTED–TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT COURT.**

Dated: May 15, 2002.

---

17. See 3/18/03 Memorandum Ruling, Doc. 107.